## White *vs.* Martin.

In a suit on a note in a justice's court, judgment was rendered for defendant, and plaintiff appealed. When the case was called on appeal defendant was absent, and his counsel did not know the reason; the court refused a continuance, and a verdict was rendered for plaintiff. He moved for a new trial, and showed by the affidavits of himself and wife that on the day before the case was called he had a violent attack of asthma, and was providentially prevented from attending court; that he lived eight miles from the court-house and one mile from his nearest neighbor, and had no means of communicating with his counsel; that he had a good defense, and could show by his own oath and other evidence that the note had been paid. On the trial there was some evidence tending to show payment:

*Held*, that it was error in the court to overrule the motion. Good ground for new trial was shown, no objection being made to the form in which it was presented.

New trial. Before Judge SIMMONS. Houston Superior Court. May Term, 1879.

Reported in the opinion.

DUNCAN & MILLER, for plaintiff in error.

A. S. GILES, for defendant.

WARNER, Chief Justice.

This was a motion for a new trial in the court below, which was overruled, and the defendant excepted. It appears from the facts disclosed in the record, that the defendant was sued on a promissory note for $60.00, in a justice's court, and that on the trial of the case in that court judgment was rendered in his favor. The plaintiff entered an appeal, and on the appeal trial, when the case was called, the defendant's counsel made a motion to continue it on account of the absence of his client, not then knowing the cause of his absence. The court overruled the motion, and a verdict was rendered against the defendant. The case was tried on Tuesday, the second day of the court. It appears from the affidavit of the defendant and his wife that on Monday, the first day of the court, he had a violent attack of asthma, and was thus providentially prevented from attending the court on the day the case was tried; that he had no opportunity to send word to his counsel of his sickness; that he lived eight miles from the court-house, and had no neighbor nearer than one mile by whom he could have sent word of his sickness; that he had a good and valid defense to said note, and could have shown by his own testimony and otherwise, that the note sued on had been paid off, had he not been prevented from attending the court by providential cause, and, but for that cause, would have done so.

It was proven on the trial by two witnesses who once had the note in their possession as collateral security, that it was their impression that the note had been paid off by the defendant, but could not state positively as to the fact of its payment. The evidence of the two witnesses, coupled with the fact that the justice rendered a judgment in his

favor, makes out a *prima facie* case at least that the defendant had a meritorious defense to the note independently of his own affidavit. Whether the defendant's proper remedy to obtain a new trial would not have been to have filed a petition in the nature of a bill in equity for that purpose, we express no opinion, inasmuch as there was no objection raised as to the form of the remedy adopted. In view of the facts disclosed in the record, the ends of justice would seem to require that a new trial should be had in this case, and it is so ordered.

Let the judgment of the court below be reversed.