26468. FIREMAN'S FUND INSURANCE COMPANY
v. NORTHERN FREIGHT LINES, INC.

SUBMITTED APRIL 14, 1971—DECIDED MAY 6, 1971.

*Louis D. Yancey, Jr.,* for appellant.

*Paul H. Anderson, Harold Sheats, Pearce D. Hardwick, Huie & Harland, Reed & Dunn, R. Elliott Dunn, Jr.,* for appellee.

ALMAND, Chief Justice. Northern Freight Lines, Inc. brought its complaint against Fireman's Fund Insurance Co., the Marshal of the Civil Court of Fulton County and his deputy.

It was alleged that at the November 1968 term of the Civil Court of DeKalb County the defendant obtained a money judgment against one James W. Bowers and that in February, 1969, a summons of garnishment was directed to the plaintiff by the Civil Court of Fulton County. The entry of service shows that the defendant deputy marshal served the summons on, "Mr. Morris, its Agt., and personally in charge of the office and place of business at the time of service of said garnishee in said county." It was further alleged that at the time of said service, one Thomas E. Folds and not Mr. Morris, was in charge of its office and place of business.

No answer was filed to said summons and a money judgment was entered on May 7, 1969, against the plaintiff. It was alleged that this judgment was void because no jurisdiction had been acquired over it.

The prayers were to vacate and set aside the judgment against the plaintiff and to enjoin the defendant Fireman's Fund from enforcing the judgment.

The record shows that on September 25, 1969, the plaintiff filed in the Civil Court case, a motion to set aside the judgment against it on the ground that "Mr. Morris" was not personally, as its agent, in charge of its office and place of business at the time purported service of garnishment summons was made. This motion was dismissed on motion of Fireman's Fund, on the ground that neither the marshal nor his deputy was made a party to the motion. On appeal this dismissal was affirmed. *Northern Freight Lines, Inc. v. Fireman's Fund Ins. Cos.,* 121 Ga. App. 786 (175 SE2d 104).

The defendant Fireman's Fund, in its defense asserted: (a) that plaintiff was estopped by Civil Court order, (b) defects if any that might have existed in the service of summons of garnishment were waived by the plaintiff, and (c) it had an adequate remedy at law.

Both parties made motions for a summary judgment. After a hearing on the motions, the court granted the motion of the plaintiff and set aside and vacated the judgment rendered in the Civil Court of Fulton County. The appeal is from this order.

■ The Court of Appeals in reviewing the order of the Civil Court dismissing the motion to set aside the garnishment judgment said: "There is authority for the proposition that a court in a proper independent proceeding with the necessary process, might exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularies [sic] not appearing on the face of the record." *Northern Freight Lines, Inc. v. Fireman's Fund Ins. Cos.*, 121 Ga. App. 786, 787, supra. In the former case the absence of the marshal and his deputy as parties was not a nonamendable defect appearing on the face of the record. The failure to have made such parties in the Civil Court is not such a waiver under *Code Ann.* § 81A-112 as would prevent the plaintiff from bringing the present equitable action to set aside the judgment on the ground of accident and mistake. See *Watkins v. Donalson*, 217 Ga. 524 (123 SE2d 728).

■ On the hearing of the motions for summary judgments the general manager of Northern Freight Lines, Inc., testified by affidavit, that on the day the deputy marshal made his return by stating service of the summons of garnishment was made upon the corporation by service upon a "Mr. Morris, its Agent," was untrue in that the agent and person in charge of its office was Thomas E. Folds, and that the garnishee had no notice of the pendency of the garnishment proceedings until after default judgment had been rendered against it.

In his verified answer, the deputy marshal said: "Answering paragraph 7 these defendants say that Mr. Morris who was served appeared to be in charge of the plaintiff's office and place of business at the time and was a person upon whom defendant Higginbotham had previously served one or more summons of garnishment directed to Northern Freight Lines. Defendants show that in Case No. 267961, Civil Court of Fulton County, a summons of garnishment directed to Northern Freight Lines was served on the said Mr. Morris on January 16, 1969, and said summons was answered by Northern Freight Lines by an answer

whose truth was sworn to by Raymond Morris, City Dispatcher, on February 17, 1969. These defendants allege and believe that the said Morris was in charge of the office of plaintiff when service in the within case was made, and that by action of Northern Freight Lines he was recognized and treated as being a proper person upon whom summons of garnishment directed to Northern Freight Lines could be served."

This answer was not a sufficient rebuttal of the positive and direct evidence of the plaintiff that Folds and not Morris was its agent on the day service was made. On this issue there was no genuine issue of fact. There being no other issue of fact between the parties it was not error to sustain the plaintiff's motion for a summary judgment and to vacate the judgment of the Civil Court. Compare *Citizens Bank of Hapeville v. Alexander-Smith Academy,* 226 Ga. 871 (178 SE2d 178).

*Judgment affirmed. All the Justices concur.*