## 46446. LEWIS v. LEWIS et al.

Quillian, Judge. H. Kent Lewis and Norman Lewis brought this complaint in the Fulton Superior Court against Mrs. Edna D. Lewis. The complaint as amended alleged that a judgment was rendered and entered in the Fulton County Court of Ordinary whereby defendant had certain items of personalty and realty set aside to her as a year's support out of the estate of Hezekiah Kent Lewis, II; that Hezekiah Lewis died intestate leaving as his sole heirs at law the defendant, his widow, and the plaintiffs, two adult children by a former marriage; that, in discussion with the plaintiffs, the defendant and her attorney stated that she recognized the interests of the children in the estate and that she would keep them informed of her acts and duties and would make distribution after she gathered the assets of the estate; that in violation of the agreement with the plaintiffs and without notice other than a publication in the Fulton County Daily Report, defendant procured the court of ordinary to set aside the entire estate of Hezekiah Kent Lewis for a year's support; that after such final judgment it came to the attention of the plaintiffs that the defendant had filed an

application on which an order had been entered.

The complaint further alleged that the application for the year's support valued the estate at $30,000, which amount was set aside; that the award was grossly excessive and that the deceased was not earning that sum per year; that the defendant will dispose of her interest in the property if she is not enjoined and restrained from doing so; that the plaintiffs have no adequate remedy at law; that the defendant orally agreed with the plaintiffs that they were entitled to a child's part in their father's estate and agreed to distribute the same to them; that when the plaintiffs inquired of the defendant and her attorney they were told it would be another month before they could be given any accurate information and that they never received any further information. The prayers were that the judgment be declared null and void and be vacated and set aside and that the defendant be forever enjoined from enforcing the judgment and from selling or disposing of the property awarded to her.

The defendant made a motion to dismiss the action for failure to state a claim, which motion was overruled by the trial judge. Upon the entry of a certificate of review, appeal was taken to this court. *Held:*

In their briefs both sides predicate their arguments on whether the complaint shows such fraud as to entitle the plaintiffs to the relief of a court of equity under Section 60 (e) of the Civil Practice Act (*Code Ann.* § 81A-160; Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). This section provides for a complaint in equity to set aside a judgment for fraud and inculcates the same principles of law found in former *Code* §§ 37-219 and 110-710, now repealed. *Kitchens v. Clay,* 224 Ga. 325, 327 (161 SE2d 828). The relief, if any, to which the plaintiffs are entitled could only be granted by a court of equity. See *Lester v. Reynolds,* 144 Ga. 143 (2) (86 SE 321); *Beavers v. Williams,* 199 Ga. 113, 120 (33 SE2d 343); *Hill v. Hill,* 221 Ga. 464, 465 (145 SE2d 519). Compare *Ford v. Clark,* 129 Ga. 292, 294 (58 SE 818). Hence, the Supreme Court, and not this court, has jurisdiction of the appeal.

*Appeal transferred to the Supreme Court. Jordan, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 13, 1971—DECIDED OCTOBER 8, 1971.

*Morris, Etheridge, Redfern & Butler, John William Brent, E. Lee Redfern, John C. Tyler,* for appellant.

*Isabel Gates Webster, Marvin J. Zagoria,* for appellees.