48883. NEWMAN v. GREER et al.

HALL, Presiding Judge.

Following a judgment entered upon a jury verdict for Mr. and Mrs. Greer in their suits against Osborne N. Newman for personal injury to Mr. Greer, Newman filed a document designated "Motion to Vacate and Set Aside Judgment," the asserted ground for which was that he

and his former attorney were absent from the trial because the attorney had withdrawn and Newman himself had received no notice of the trial date. The motion stated in conclusory fashion that Newman had a good defense which would have been presented had he received notice of trial. The trial judge construed this document as a motion for new trial under Code Ann. § 81A-160 (c), and denied the motion, ruling that before his withdrawal Newman's attorney had notice that the case was set for trial at the spring term of 1973; that Newman had failed to exercise diligence in his own behalf to obtain counsel between his attorney's withdrawal in January and the trial in June; and that Newman had shown no meritorious defense. Newman appeals the denial of his motion, urging among other things that his motion was misconstrued and that he wishes to rely upon Code Ann. § 81A-160 (e) allowing a complaint in equity to set aside a judgment.

Our first task is to decide how to characterize Newman's motion. At the outset it should be noted that Osborne N. Newman died in July 1973, and his personal representative, Joseph E. Newman, is the actual appellant here.

Code Ann. § 81A-160 (f) provides that a complaint in equity to set aside a judgment *"must* proceed by complaint and summons." (Emphasis supplied.) There was no such proceeding here, and therefore we must conclude that appellant proceeds under something other than Code Ann. § 81A-160 (e), regardless of his assertion to the contrary. Moreover, appellant's bringing his appeal to this court and not to the Georgia Supreme Court is in itself inconsistent with his attempted invocation of subsection (e) (see *Lewis v. Lewis,* 124 Ga. App. 579 (184 SE2d 672)), as we would not have jurisdiction of an appeal from the denial of equitable relief.

Nor is appellant's motion correctly considered to be a motion to set aside under Code Ann. § 81A-160 (d), which requires a nonamendable defect appearing upon the face of the pleadings or record. Where the matter asserted to be error, such as a defect in notice, does not appear upon the face of the record but is developed by the

evidence (as here), the judgment may not be set aside under this section. *Miller v. Miller,* 230 Ga. 777 (199 SE2d 241). Cf. *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912). The trial judge correctly ruled that appellant's motion was for a new trial under Code Ann. § 81A-160 (c). *Stamps Tire Co. v. Powers,* 104 Ga. App. 860 (123 SE2d 203). See *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603).

Considering the merits of the motion, appellant grounds his position urging reversal in Code Ann. § 81A-140 (c) requiring that "notice" must be given the parties, and upon oral argument he takes the position that "notice" means notice of the actual day upon which the trial will be held. He argues additionally that the informal notifications which were given to Newman's relatives as discussed below, cannot constitute compliance with the notice requirement.

The record reflects no evidence whatever that appellant or his representatives were notified by any means of the actual trial *day.* The affidavit of the clerk of court indicated that it was not his practice to send copies of the court calendar to parties, as distinguished from their counsel, although the record contained a copy of the letter of withdrawal of Newman's former attorney. It is not necessary for us to reach the question whether in such circumstances there is a duty to notify the party himself through the same means which would be used to notify counsel (although such a rule appeals strongly to concepts both of fairness and of common sense), because the record compels our conclusion on a different ground.

The record shows that suit had been filed by the Greers on August 23, 1968, for damages arising out of a 1967 incident in which appellant allegedly failed to control his automobile upon driving into the parking lot of a convenience store, and ran into Mr. Greer, a pedestrian, pinning him to a door frame. Shortly after the filing of suit, the Greers by amendment added a count to their complaint adding L. A. Newman as a defendant and seeking to set aside deeds from Newman to L. A. Newman of all of his real property, as fraudulent conveyances. The trial judge on November 19, 1972 issued an order finding that the conveyances were made for the purpose of defrauding the Greers and hindering and delaying the

collection of any debts due to them, and that the conveyances were made without consideration and should be set aside. The record further reflects that the case, assigned for trial, was continued four times by Newman, and upon continuance from the October 1972 trial term the trial judge peremptorily ordered that the case stand ready for trial at the next succeeding term unless continued for legal cause other than illness of Newman, who was certified by his doctor as a sufferer from progressively worsening arteriosclerosis. At that time, January 1973, Newman was notified by his attorney by letter (filed of record) that he was withdrawing from the case; that the judge would grant no further continuances based upon Newman's health; and that Newman should move promptly to retain other counsel. Subsequent to that, various pleadings and motions were served upon Newman, including the Greers' pre-trial statement dated June 1, 1973 indicating that trial was imminent. In February of 1973, Sammy Newman, who had acted as spokesman for Newman, was contacted by the Greers' attorney about an upcoming hearing and stated that "the Newmans were not going to appear anywhere or do anything about the case and that they had dropped the whole thing." In May of 1973, approximately three weeks before trial, the last of numerous unsuccessful settlement conferences was held, at which Newman had designated various of his relatives to participate in his behalf, and in connection with that conference Newman was informed that the case was set for trial at the June 1973 term and would be tried whether Newman was present or not.

A review of the record shows Newman's repeated dilatoriness, and no diligence to employ counsel after the withdrawal of his former attorney and the direct advice that another should be sought in light of the approaching trial date. Nowhere in the affidavits submitted by Newman at the hearing on his motion is there any assertion that had he been informed of the day of trial he would have been prepared to appear for himself or through counsel, or what, if any, defense he would have asserted to the plaintiffs' claim (though his prior pleadings raised the defense of accident, based upon his

having allegedly suffered a blackout prior to striking Greer).

On this record, without the necessity for ruling one way or the other on appellant's contention that "notice" within the meaning of Code Ann. § 81A-140 (c) means notice of the actual day of trial, we rule that even had the omission of such notice been error, such error was harmless on these particular facts. Code Ann. § 81A-161.

Though differently grounded than the following cited cases, this conclusion is entirely consistent with the rule that to succeed on a motion under Code § 70-208 for new trial on the grounds of his absence from trial, such motion addressing itself to the sound discretion of the trial judge, movant must show both that he was diligent in his own behalf (or "without fault") *and* that he had a meritorious defense. *Stanfield v. Brewton,* 228 Ga. 92, 97 (184 SE2d 347); *Southern Arizona School for Boys, Inc. v. Morris,* 123 Ga. App. 67 (179 SE2d 548); *accord, Sparks v. Ober & Sons Co.,* 138 Ga. 316 (75 SE 135); *Ferrill v. Marks,* 76 Ga. 21, 24; *White v. Martin,* 63 Ga. 659; *Jordan v. Plott,* 121 Ga. App. 727 (175 SE2d 148). As this court stated in *Diprima v. Hicks,* 89 Ga. App. 231, 232 (79 SE2d 8) "it was not error to refuse a new trial at the instance of a defendant who could have, in the exercise of diligence, been present with counsel, whom she had ample opportunity to employ, after the withdrawal of the counsel already representing her."

We realize that because of the involvement of due process concepts in the requirement for "notice" of trial, only upon a compelling set of facts should an actual lack of notice be held harmless error. However, not only do we find this set of facts sufficiently compelling, but we note also that while still representing Newman, his attorney was notified of the term at which the case would be tried. Additionally, Newman and the relatives acting for him were on various occasions given informal notice of the approach of the trial day, such notice being sufficient to put them on reasonable inquiry.

What we have said decides the appeal against appellant on our interpretation of his motion as a motion for new trial. It is not necessary for us to consider the degree of likelihood of appellant's success in a future

proceeding should he attempt by an action under Code Ann. § 81A-160 (e) to set the judgment aside, thus attempting to invoke in his behalf, on this record as we have detailed it above, the relief affordable through a court empowered to do equity.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

ARGUED JANUARY 16, 1974 — DECIDED FEBRUARY 7, 1974 — REHEARING DENIED MARCH 5, 1974.

*Nicholson, Fleming & Blanchard, Jim Blanchard, Jr.,* for appellant.

*Fulcher, Hagler, Harper & Reed, N. William Pettys, Jr.,* for appellees.