64847. SCOTT et al. v. MORRIS BROWN COLLEGE.

McMURRAY, Presiding Judge.

Plaintiffs here appeal the trial court's denial of their motion to vacate and set aside the judgment dismissing their complaint on the ground of willful failure to answer interrogatories. Plaintiffs assert, as they did below, that they never received notice of the rule nisi setting down the date and time for hearing on defendant's motion to compel answers to interrogatories or to dismiss. *Held:*

1. "A motion to set aside must be predicated upon some nonamendable defect which does appear on the face of the record or pleadings, or . . . upon lack of jurisdiction. . . ." Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) (CPA § 60). Plaintiffs' sole claim in the case sub judice is lack of notice. Under Code Ann. § 81A-160 (d), supra, the burden is thus upon them to show lack of notice on the face of the record. *Brown v. C. & S. Nat. Bank,* 245 Ga. 515, 518 (265 SE2d 791); *C. & S. Nat. Bank v. Burden,* 145 Ga. App. 402, 404 (2) (244 SE2d 244). See *Anderson v. Fulton Nat. Bank,* 146 Ga. App. 155, 156 (245 SE2d 860). See also Davis and Shulman, Ga. Prac. & Proc. 278, § 18-2 (4th Ed.).

The record clearly shows that plaintiffs' attorney was served notice. A "Certificate of Service" is stamped on the rule nisi, signed by the attorney for defendant, certifying that he served plaintiffs' attorney via the mail. Service via mail is an authorized means of service and proof of such service may be made by the certificate of an attorney. Code Ann. § 81A-105 (b) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229) (CPA § 5). Thus, the record contradicts plaintiffs' claim and it would only be by going behind the face of the record that any merits of the claim could be reached. This is impermissible under a motion

to set aside. Code Ann. § 81A-160 (d), supra; *C. & S. Nat. Bank v. Burden,* 145 Ga. App. 402, 404 (2), supra; *Northern Freight Lines, Inc. v. Fireman's Fund Ins. Cos.,* 121 Ga. App. 786, 787 (175 SE2d 104), affd. 227 Ga. 581 (182 SE2d 110).

Plaintiffs' claim is in actuality one of "some extrinsic defect which does not appear on the face of the record or pleadings," and therefore the proper means of attack is a motion for new trial. Code Ann. § 81A-160 (c) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) (CPA § 60). A trial court is authorized to consider a motion, filed as a motion to set aside, as an extraordinary motion for new trial. *Hancock v. Oates,* 244 Ga. 175, 177 (259 SE2d 437); *Vaughan v. Car Tapes, Inc.,* 135 Ga. App. 178, 180 (3) (217 SE2d 436); *Newman v. Greer,* 131 Ga. App. 128, 129-130 (205 SE2d 486).

We find that the trial court in the case sub judice in effect ruled on plaintiffs' motion as if it were one for new trial. The court did not predicate its order on a finding of no nonamendable defect appearing on the face of the record. Rather, the court expressly found that plaintiffs had notice of the hearing and then ruled that the failure to answer the interrogatories was willful and deliberate. Thus, the trial court reached the merits of plaintiffs' claim and ruled adversely to them. Our review of the record convinces us that the trial court's findings are not clearly erroneous and therefore we will not disturb them. Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171) (CPA § 52).

2. Both parties raise and argue the issue of whether the practice of the State Court of Fulton County, pursuant to its local rule 22, of utilizing a motions calendar (published in most cases) to provide notice of hearing dates, is sufficient notice under the Civil Practice Act. In light of our conclusion that plaintiffs received notice of the rule nisi through the mail (see Division 1, supra), we need not address this issue. In this regard, however, see generally cases under Code Ann. § 81A-140 (c) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108; 1976, p. 1677) (CPA § 40) (trial calendars): *Brown v. C. & S. Nat. Bank,* 245 Ga. 515, 518-519, supra; *Spyropoulus v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40); *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912); *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603). See also *Newell Road Builders, Inc. v. Ramirez,* 126 Ga. App. 850, 853 (192 SE2d 184), overruling *Barber v. Canal Ins. Co.,* 119 Ga. App. 738 (168 SE2d 868). Furthermore, the motion calendar is not part of the record. It was only vaguely presented as an issue in plaintiffs' brief in support of the motion to set aside, not raised as an issue at the motion hearing and not addressed by the trial court. For these additional reasons as well, we will not consider the issue. See generally *Touchton v. Stewart,* 229 Ga. 303-304, supra.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED NOVEMBER 3, 1982.

*Harry Rand,* for appellants.
*Palmer H. Ansley,* for appellee.