75417. CROLLEY et al. v. JOHNSON.
(365 SE2d 277)

CARLEY, Judge.

Appellee-plaintiff filed suit against appellant-defendants. Appellant Crolley never filed an answer and the answer that was filed by appellant American Communities Corporation was stricken upon its failure to appear at the scheduled trial of the action. After holding that both appellants had been in default for the requisite period of time, the trial court permitted appellee to "establish the amount of damages before [it sitting] without a jury. . . ." OCGA § 9-11-55 (a).

Thereafter, on December 12, 1986, the trial court entered a default judgment in favor of appellee and against appellants, correctly making findings of fact and conclusions of law based upon the evidence that it had previously heard as to the issue of damages. See *Marsh v. Way*, 170 Ga. App. 300 (316 SE2d 599) (1984).

Within thirty days of the entry of this default judgment, appellants neither filed a notice of appeal as would have been authorized by OCGA § 5-6-34 nor did they file a motion "for new trial in respect of [the trial court's award of] damages" as would have been authorized by OCGA § 9-11-55 (a). As the issue of appellants' liability to appellee had been established by default, it was only the damages portion of the judgment which had been based on evidence and, consequently, it was only that portion of the judgment which could be subject to a motion for new trial. See OCGA § 9-11-55 (a). See also *Lewis v. Sun Mgt.*, 182 Ga. App. 560 (356 SE2d 526) (1987). Instead, on December 8, 1986, some four days before the default judgment had actually been entered, appellants filed a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d), asserting that they had not received notice of the trial date. See generally *Beach's Constr. Co. v. Moss*, 168 Ga. App. 462 (1) (309 SE2d 382) (1983). Then, on March 23, 1987, which was some three months after the trial court's entry of the default judgment, appellants filed a pleading that they denominated as their "Amendment to Motion to Set Aside Judgment and Motion for New Trial." On April 9, 1987, the trial court entered an order which denied appellants' motion, as amended, to set aside the judgment and which also denied appellants' motion for new trial. On May 1, 1987, which was within 30 days thereafter, appellants initiated this direct appeal by filing a notice of appeal from the trial court's order denying their motions for new trial and to set aside the judgment.

This court has no jurisdiction over appellants' direct appeal from the December 12, 1986 judgment itself or from the trial court's denial of appellants' motion for new trial as to that judgment. Appellants' only motion for new trial was filed more than three months after the judgment had been entered. "Judgment in this matter was entered on December [12, 1986]. Motion for new trial was filed on [March 23, 1987]. As the motion for new trial was untimely filed, [only] the trial court's dismissal of that motion [would have been] proper. Notice of appeal was filed [May 1, 1987]. Since the untimely filing of the motion for new trial did not toll the time for filing the notice of appeal [from the judgment], this appeal [must] also [be] dismissed as untimely. [Cit.]" *Williamson v. State*, 182 Ga. App. 49 (354 SE2d 868) (1987). " '[E]verything that occurred subsequent to the 30-day period after entry of the [default] judgment . . . was a nullity, including the present appeal from the ruling on the void [motion for new

trial]. . . .' [Cit.]" *Smith v. Forrester*, 145 Ga. App. 281, 283 (243 SE2d 575) (1978). None of the cases that are relied upon by appellants would compel a contrary result. "While [those] cases appear at first blush to control the case sub judice, a closer examination reveals that the motions [for new trial] with which the courts there dealt, were void because they were not prosecuted or were made *prematurely* (i.e., before the entry of the judgment). None was filed late. . . . [The] *late* filing of [a] notice of [appeal] is still jurisdictional. . . ." (Emphasis in original.) *Venable v. Block*, 141 Ga. App. 523, 524 (233 SE2d 878) (1977).

The only motion that appellants ever filed prematurely rather than belatedly was a motion to set aside pursuant to OCGA § 9-11-60 (d). Assuming without deciding that, by analogy to a motion for new trial, the filing of a motion to set aside, although premature, is nevertheless sufficient to invoke a ruling by the trial court thereon subsequent to its entry of the underlying judgment, the trial court's denial of appellants' prematurely filed motion to set aside, as subsequently amended, would not be directly appealable. See OCGA § 5-6-35 (a) (8). Although appellants' notice of appeal was timely filed within thirty days of the denial of their motion to set aside, as amended, appellants did not comply with the applicable discretionary appeals provisions of OCGA § 5-6-35. Accordingly, insofar as appellants seek to bring a direct appeal from the trial court's order of April 9, 1987 denying their motion to set aside the default judgment that had been entered against them on December 12, 1986, this court is without jurisdiction. "Appeals from the denial of such motions are discretionary and appellant[s] did not follow the applicable procedure to secure appellate review of the denial of [their] motion. [Cits.]" *Lewis v. Sun Mgt.*, supra.

*Appeal dismissed. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 6, 1988 —
REHEARING DENIED JANUARY 29, 1988.

*Irma B. Glover, D. Victor Reynolds*, for appellants.
*Mike Treadaway*, for appellee.