76153. HILL et al. v. BAILEY et al.
(370 SE2d 520)

CARLEY, Judge.

Appellee-plaintiffs filed suit and appellant-defendants, having been properly served with the complaint, retained counsel and filed their answer and a counterclaim. Appellants' counsel, after receiving the permission of the trial court and giving notice to his clients, subsequently withdrew from the representation. Appellants did not re-

tain new counsel for approximately one year.

During the period in which appellants were without counsel, the case was placed on the trial calendar. However, appellees' counsel notified the court of the illness of one of the appellants and requested a continuance. By letter, appellees' counsel subsequently requested that the case be placed on the trial calendar for the April 1987 Term of court. Appellants acknowledge that they received a copy of this letter. Counsel for appellees sent a second letter to appellants, informing them of the week during which the case was scheduled to be tried. Appellants deny receipt of the second letter. The case was tried during the week scheduled, but the appellants failed to appear. The trial, from which appellants were absent, resulted in a verdict for appellees. Following the jury's return of the verdict, but prior to the trial court's entry of judgment on the verdict, appellants filed a "Motion to Set Aside Verdict and Judgment and for New Trial." The only issue raised by appellants in this motion was their lack of notice of the date of trial. The trial court conducted a hearing and denied appellants' motion. Appellants bring this direct appeal from the judgment entered by the trial court on the jury verdict and from the trial court's denial of their post-judgment motion.

1. Before the merits of appellants' appeal can be considered, we must first ascertain whether jurisdiction exists. Appellants styled their pleading in the trial court as "A Motion to Set Aside Verdict and Judgment and for New Trial." In denying appellants' motion, the trial court did not indicate whether it was purporting to rule upon a motion for new trial or a motion to set aside. Whether the motion is properly considered to be a motion for new trial or a motion to set aside is determinative of whether appellants are authorized to bring this direct appeal under OCGA § 5-6-34 or whether this appeal must be dismissed for failure to follow the discretionary appeal procedure of OCGA § 5-6-35 (a) (8).

"A judgment or order based upon a trial or hearing entered against a party without notice to that party of the trial or hearing is subject to a motion to set aside where the lack of notice *appears on the face of the record*. [Cits.]" (Emphasis supplied.) *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518 (265 SE2d 791) (1980). "Where the matter asserted to be error, such as a defect in notice, *does not appear upon the face of the record* but is developed by the evidence . . . , the judgment may *not* be set aside. . . . [Cits.] The . . . [proper] motion [would be] for a new trial under [OCGA § 9-11-60 (c)]. [Cits.]" (Emphasis supplied.) *Newman v. Greer*, 131 Ga. App. 128, 129-130 (205 SE2d 486) (1974). Therefore, whether it is permissible to attack a judgment for lack of notice by a motion to set aside or by a motion for new trial is dependent upon the face of the record. In the present case, appellants' motion was not based upon a lack of notice appear-

ing on the face of the record. Appellants relied upon extrinsic evidence in the form of numerous affidavits to demonstrate their alleged lack of sufficient notice. Thus, appellants' "claim is in actuality one of 'some extrinsic defect which does not appear on the face of the record or pleadings,' and therefore the proper means of attack is a motion for new trial. [Cit.]" *Scott v. Morris Brown College*, 164 Ga. App. 264, 265 (297 SE2d 45) (1982). Because appellants seek direct appellate review of a ruling on what is properly denominated a motion for new trial and their notice of appeal from the denial of such motion was not untimely, this court has jurisdiction to entertain the appeal pursuant to OCGA § 5-6-34. Compare *Crolley v. Johnson*, 185 Ga. App. 671 (365 SE2d 277) (1988) (appeal from the denial of a motion to set aside dismissed for lack of compliance with the requirements of OCGA § 5-6-35). Although appellants' motion for new trial was prematurely filed, such premature filing of a motion for new trial does not deprive this court of appellate jurisdiction where, as here, the *notice of appeal* was filed within thirty days of the entry of the trial court's order disposing of the prematurely filed motion for new trial. *Harrison v. Harrison*, 229 Ga. 692 (1) (194 SE2d 87) (1972); *Joiner v. Perkerson*, 160 Ga. App. 343 (1) (287 SE2d 327) (1981). Compare *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27, 29 (1) (363 SE2d 281) (1987) (a motion for new trial which is invalid as the procedurally improper vehicle for securing review, and not merely due to its prematurity, does not extend the time for filing the notice of appeal).

2. The only issue raised on appeal is appellants' lack of notice of the date of trial. Under our holding in Division 1, appellants' only proper means of attacking such error in the trial court was by motion for new trial. "Since both enumerations of error are directed only to the court's action in denying the [prematurely filed] motion for new trial, that judgment must be affirmed." *Joiner v. Perkerson*, supra at 343 (2). See also *Harrison v. Harrison*, supra at 692 (2).

3. Appellees have moved for frivolous appeal damages pursuant to OCGA § 5-6-6. Based on our examination of the entire history of the case, appellees' motion for damages under OCGA § 5-6-6 is denied.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring generally with the majority opinion, I must concur specially to suggest the following clarification. A prematurely filed motion for new trial is void. *Harrison v. Harrison*, 229 Ga. 692 (1) (194 SE2d 87) (1972). That is why, as held by the majority opinion in Division 2, since the only enumerations of error concern the trial court's denial of the appellant's prematurely filed motion for new

trial, affirmance is mandated.

DECIDED JUNE 3, 1988.

*Walter S. Chew, Jr.*, for appellants.
*Verlin L. Jones, Jr.*, for appellees.