DECIDED JUNE 8, 1989.

*Martin S. Jackel*, for appellants.
*Lovett Bennett, Jr.*, for appellee.

A89A0628. ABERCROMBIE et al. v. MILLER et al.
(383 SE2d 358)

CARLEY, Chief Judge.

When appellant-defendants failed to appear for trial, their answer was stricken and a default judgment was entered in favor of appellee-plaintiffs. Appellants then filed a motion, seeking the grant of a new trial or the setting aside of the default judgment. Appellants' motion was based upon their alleged lack of notice of the trial. Appellants offered evidence in support of their motion and appellees submitted evidence in opposition. The trial court, after conducting a hearing, denied the motion and appellants appeal directly from that order.

1. "In the present case, appellants' motion was not based upon a lack of notice appearing on the face of the record. Appellants relied upon extrinsic evidence in the form of numerous affidavits to demonstrate their alleged lack of sufficient notice. Thus, appellants' 'claim is in actuality one of "some extrinsic defect which does not appear on the face of the record or pleadings," and therefore the proper means of attack is a motion for new trial. [Cit.]' [Cit.] Because appellants seek direct appellate review of a ruling on what is properly denominated a motion for new trial and their notice of appeal from the denial of such motion was not untimely, this court has jurisdiction to

entertain the appeal pursuant to OCGA § 5-6-34. [Cit.]" *Hill v. Bailey*, 187 Ga. App. 413, 415 (1) (370 SE2d 520) (1988).

2. Appellants concede that they had notice of the actual date of the trial of the case. In the affidavits submitted in support of their motion, appellants urged only that they had been misled as to the position of the case on the trial calendar. According to appellants, the secretary for appellees' counsel had informed them that the case was seventh, rather than fifth, on the trial calendar. There is considerable doubt whether appellants' receipt of such misinformation would even state a meritorious reason for the granting of a new trial. See *Stamm & Co. v. Boaz Spinning Co.*, 129 Ga. App. 779, 780 (2) (201 SE2d 480) (1973). However, even assuming that this proffered excuse would otherwise have merit, appellants' affidavits were contradicted by the affidavit of the secretary for appellees' counsel. In her affidavit, she averred that, in response to appellants' telephone inquiry, she had informed them that the case was fifth on the trial calendar. Moreover, appellants' former attorney testified that, prior to the date of the scheduled trial, he had informed them that he "certainly expected the matter was at risk of being reached. In other words, they weren't so far down [the calendar] that they couldn't worry about it, and certainly that they needed to get a lawyer or needed to do something to protect their interest about it." Accordingly, the trial court was clearly authorized to find that appellants had sufficient prior notice of the trial of the case but that, due to their own failure to exercise due diligence, they did not appear. See generally *Rosenberg v. Mossman*, 140 Ga. App. 694, 695 (2) (231 SE2d 417) (1976). The trial court did not err in denying appellants' motion for new trial.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 8, 1989 — ▮

*Edwin Marger, Philip H. Weener*, for appellants.
*Martin D. Chitwood, Craig G. Harley*, for appellees.