## A97A2568. BOYD v. CRAWFORD.
(498 SE2d 762)

McMURRAY, Presiding Judge.

James Boyd filed this appeal, pro se, from a superior court judgment affirming a probate court order granting Michelle D. Crawford's petition for letters of administration of the estate of Christopher Allen Boyd ("the estate"), dismissing Boyd's caveat to Crawford's petition, and dismissing Boyd's application for issuance of letters of administration of the estate. The superior court's order and judgment provides as follows:

"The above-styled action came on regularly for hearing on July 1, 1997. [Boyd], acting Pro Se, having scheduled the hearing of the same date, appeared initially at the hearing. [Crawford] was present along with her legal counsel, Edward M. Manigault and Jim R. Green. . . . However, after [Boyd] and [Crawford] had discussed entering into a Consent Order, [Boyd] left the hearing prior to its commencement and without reason, stating that he would return. [Boyd] failed to return prior to the initiation of the hearing, which occurred minutes later, instead phoning court personnel to inform them he would be unable to attend due to other business. [Boyd] requested that court personnel reschedule the hearing. [Boyd] did not receive permission from the Court to leave the courtroom prior to commencement of the hearing. Therefore, [Crawford] requested that the hearing commence as scheduled by [Boyd] in order to avoid unreasonable delay. The Court granted [Crawford's] request, in part due to [Boyd's] impermissible departure; in part due to the fact that [Boyd] had filed numerous pleadings with the Court descriptively expressing [his] position; in part to avoid a miscarriage of justice due to the fact that several key witnesses from out of state had made themselves available by telephone for this hearing to corroborate Attachments A, B & C; and in part to avoid further unreasonable delay. At that juncture, [Crawford] proceeded to present evidence to the court.

"After reviewing all pleadings of record, as well as those from the Probate Court, all evidence presented at the hearing (see Attachments A, B & C), and arguments of [Crawford's] counsel,

"IT IS HEREBY ORDERED AND ADJUDGED, that the decision of the Probate Court of Barrow County is affirmed and letters of Administration issued by the Probate Court to [Crawford] shall stand as originally granted."[1] *Held*:

1. Crawford filed a motion for our Court to expedite the case sub judice, arguing that Boyd's appeal delays settlement of a tort action

---

[1] The items identified as "Attachments A, B & C" in this order are documents indicating that other purported heirs wish Crawford to serve as the estate's administrator.

which will bring revenue into the estate. This allegation, however, provides no basis for this Court to exercise its inherent power to place the case sub judice before other matters which are also regularly before this Court. Compare *Shore v. Shore*, 253 Ga. 183, 184 (318 SE2d 57); *Stuckey v. Richardson*, 188 Ga. App. 147, 148 (372 SE2d 458). Accordingly, Crawford's motion to expedite this appeal is hereby denied.

2. Boyd contends in his second enumeration of error that the superior court erred in failing to grant his application for issuance of letters of administration, arguing that a majority of the heirs selected him to serve as administrator of the estate.

A directed verdict is authorized only when "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." OCGA § 9-11-50 (a). A grant of directed verdict is a ruling that the evidence and all reasonable deductions therefrom demand a particular verdict. OCGA § 9-11-50 (a). Other than unauthenticated notes, letters and filings, there is no evidence, transcript or admission in the case sub judice either supporting or refuting Boyd's assertion that he is entitled, as a matter of law, to serve as the estate's administrator. Consequently, the superior court did not err in affirming the probate court's denial of Boyd's application for issuance of letters of administration of the estate.

3. Boyd asserts five enumerations of error, complaining that the superior court erred in adjudicating his de novo appeal without the benefit of a trial or an evidentiary hearing. Specifically, Boyd contends the superior court's judgment was the product of unfair manipulations and duplicity because the superior court judge, after requiring him to wait in the courtroom for three hours, abruptly called his case for trial during the court's regular noon-time lunch hour and just minutes after Boyd left the courtroom to place a telephone call. Boyd suggests that, in lieu of a hearing, the superior court judge simply entered the courtroom and allowed Crawford's attorneys to prepare a final judgment with (as quoted from Boyd's third enumeration of error) "more lies by [Crawford's] attorney."

Although Boyd's assertions about the trial court's unfair manipulations and duplicity are unsupported by the record, the superior court's order reveals that the court exceeded its authority in adjudicating Boyd's appeal based on his failure to appear at the scheduled hearing. The trial court's authority to adjudicate Boyd's appeal for want of prosecution is established by OCGA § 9-11-41 (b) (1). This Code subsection provides that "[a] dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits. . . ." Since the superior court's order states that it is partly based on Boyd's unexcused absence from court, the superior court

had no authority to adjudicate the matter and was limited to dismissing, without prejudice, Boyd's appeal. *Peachtree Winfrey Assoc. v. Gwinnett County Bd. of Tax Assessors*, 197 Ga. App. 226 (398 SE2d 253). Accordingly, we must vacate the trial court's judgment and remand the case sub judice for entry of an order and judgment consistent with this opinion. OCGA § 9-11-41 (b) (1); *Peachtree Winfrey Assoc. v. Gwinnett County Bd. of Tax Assessors*, 197 Ga. App. 226, supra.

*Judgment vacated and case remanded. Motion to expedite appeal denied. Beasley and Smith, JJ., concur.*

DECIDED MARCH 12, 1998.

Jim Boyd, *pro se.*

*Deming, Parker, Hoffman, Green & Campbell, James R. Green, Jr.*, for appellee.