A98A1072. TRUITT v. HOUSING AUTHORITY OF THE CITY OF AUGUSTA.
(507 SE2d 781)

ANDREWS, Chief Judge.
In this action for writ of possession by the Housing Authority of the City of Augusta (Housing Authority), Mershell Truitt, the tenant,

appeals from the trial court's order striking her Answer and delivering possession of the apartment to the Housing Authority. For the reasons which follow, we affirm.

This case arose when Truitt's son was arrested and charged with possession of crack cocaine and marijuana. Truitt's lease with the Housing Authority provided that any drug-related criminal activity on public housing property by tenants or members of their households was a violation of the terms of the lease and grounds for eviction.

The Housing Authority filed a dispossessory affidavit and Truitt answered, demanding a jury trial. Voir dire and jury selection were set for May 27 and the trial was scheduled for May 28.

Truitt did not appear in court on May 27 for the voir dire and jury selection. The trial judge told counsel that he would, in his discretion, accept that she was not present that day; but, that "[s]he better be here tomorrow; she better be here on time. If she's one minute late I will — it will not be within my discretion."

The next day, at 10:00 a.m., the judge called the case for trial and after plaintiff announced ready, asked, "Is defendant ready, Mr. Belk?" Defense counsel replied, "No, Your Honor." When the judge asked where Ms. Truitt was, defense counsel replied, "I'm unable to locate her, Your Honor." At that point, counsel for the Housing Authority moved that Truitt's Answer be stricken and judgment entered for the Housing Authority. Defense counsel requested that the judge continue the trial for a few minutes, but the judge refused and granted the Housing Authority's motion to strike the Answer.

Truitt walked in five minutes late, just after the judge granted the motion to strike the Answer. Truitt said she was late because she was waiting for her sister to pick her up. The court said that excuse was not acceptable and let stand the judgment and writ of possession to the Housing Authority.

Truitt argues on appeal that striking her Answer and entering judgment for the Housing Authority is not an appropriate sanction for appearing five minutes late on the day of trial. But, the facts show that Truitt also was not present when the trial was called the day before and had been ordered by the court to appear on time and not one minute late. That Truitt's presence was necessary for the trial to proceed is apparent from defense counsel's reply that the defense was not ready when the case was called.

In making its ruling, the trial court stated it was relying on Superior Court Rule ("USCR") 10.4 which provides that no one but the judge may excuse a party, a witness, or an attorney from the courtroom during the course of the trial. But, this rule neither requires a party to appear in court nor does it authorize the trial court to impose this sanction for failure to do so. *Masonry Standards*

*v. UPS Truck Leasing*, 257 Ga. 743, 744 (363 SE2d 553) (1988).

The Housing Authority argues the court may strike the Answer under USCR 14 which provides: "On its own motion or upon motion of the opposite party, the court may dismiss without prejudice any civil action, or where appropriate, any pleading filed on behalf of any party upon failure to properly respond to the call of the action for trial or other proceeding." But, USCR 14 provides for the dismissal of a pleading where appropriate for failure to respond to a calendar call. It does not provide for a final adjudication on the merits. *Kraft, Inc. v. Abad*, 262 Ga. 336 (417 SE2d 317) (1992); *Fulton v. State of Ga.*, 183 Ga. App. 570, 572 (359 SE2d 726) (1987).

The trial court may enter a default judgment against a defendant who fails to appear and defend at trial. See, e.g., *Dunn v. Duke*, 216 Ga. App. 829, 830 (456 SE2d 65) (1995); *Harris v. Wilwat Properties*, 201 Ga. App. 161 (410 SE2d 372) (1991); *Abercrombie v. Miller*, 191 Ga. App. 858 (383 SE2d 358) (1989); *Aycock v. Hughes*, 189 Ga. App. 838 (377 SE2d 689) (1989); *Miller v. Grier*, 175 Ga. App. 91 (332 SE2d 323) (1985). Although this Court has held that the striking of defensive pleadings and the entry of default judgment "is a harsh sanction," *Serwitz v. Gen. Elec. Credit Corp.*, 184 Ga. App. 632, 633 (362 SE2d 439) (1987), we also acknowledge the "inherent power of the trial court who is charged with the efficient clearing of cases upon the court's docket." *Roberts v. Rountree*, 180 Ga. App. 302, 303 (348 SE2d 765) (1986). Further, OCGA § 15-1-3 provides that every court has the power to compel obedience to its orders and to control the conduct of everyone connected with a judicial proceeding before that court. OCGA § 15-1-3 (3) and (4).

*Boyd v. Crawford*, 231 Ga. App. 169 (498 SE2d 762) (1998), is not to the contrary. In *Boyd*, a de novo appeal of a probate court judgment, we held the trial court improperly entered judgment for the defendant after the plaintiff failed to attend the hearing. The issue in *Boyd* was controlled by OCGA § 9-11-41 (b) (1) which limits the court to dismissing the plaintiff's complaint without prejudice. *Boyd*, supra at 170-171. In addition, there was no prior failure to appear and no disregard of a direct order of the trial court, as there was in this case.

Here, the court allowed Truitt to explain why she was late. After listening to the explanation, the court stated that it did not find her explanation acceptable. Therefore, the trial court was authorized to find that in spite of sufficient prior notice that she must appear for trial no later than 10:00 a.m., Truitt's failure to appear on time was the result of her own failure to exercise due diligence. *Abercrombie*, supra at 859. See also *Wilwat Properties*, supra at 161.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 21, 1998 —
RECONSIDERATION DENIED NOVEMBER 3, 1998 

*Lamont A. Belk, Sheryl L. Hudson, Susan A. Reif, Phyllis J. Holmen, Lisa J. Krisher*, for appellant.

*Hull, Towill, Norman & Barrett, Edward J. Tarver, David E. Hudson*, for appellee.