## A91A0322. FISHER v. BOARD OF COMMISSIONERS OF DOUGLAS COUNTY.
### (408 SE2d 120)

POPE, Judge.

Plaintiff Michelle Fisher filed a complaint for personal injuries against defendant Board of Commissioners of Douglas County on October 25, 1988. Defendant filed a timely answer and on November 29, 1988, served plaintiff with interrogatories and a request for production of documents. On February 1, 1990, after plaintiff's responses to discovery were more than one year overdue, defendant filed a motion to dismiss plaintiff's complaint, or alternatively, to compel responses to discovery. Plaintiff filed no response to defendant's motion but did serve responses to defendant's discovery requests on March 27, 1990. The trial court subsequently granted defendant's motion and dismissed plaintiff's complaint against defendant. Plaintiff appeals.

1. "In order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within 6 months after the filing of the answer." Rule 5 of the Uniform Superior Court Rules. Plaintiff argues this rule requires a motion to compel or for sanctions to be brought within the six-month discovery period. We reject this notion. The rule makes the commencement and pursuit of discovery within the six-month discovery period a condition of using the trial court's compulsory process. It does not require the compulsory process itself to be requested within the discovery period. The record in this case shows defendant's discovery was promptly commenced and diligently pursued within the discovery period by the writing of a letter to plaintiff's attorney just over one month after plaintiff's responses were due, asking plaintiff to respond in order to avoid the necessity of a motion for sanctions. So long as discovery is promptly and diligently pursued by the moving party within the discovery period, as was done in this case, a motion to compel or for sanctions may be brought after the expiration of the discovery period.

2. (a) The argument that the trial court lost the authority to impose sanctions once responses to discovery, though late, were filed prior to the hearing on the motion for sanctions has already been addressed by this court: it "has no merit." *Danger v. Strother*, 171 Ga. App. 607, 609 (2) (320 SE2d 613) (1984).

(b) Plaintiff also argues the trial court erred in finding her failure to respond to defendant's discovery requests was willful. Plaintiff

filed no response to defendant's motion for sanctions and the record is devoid of any explanation or excuse for plaintiff's failure to make a timely response. Willfulness is implied by the total failure to respond to discovery when no reason or excuse is offered in response to a motion to compel. *Schrembs v. Atlanta Classic Cars*, 197 Ga. App. 450 (398 SE2d 712) (1990); see also *Bells Ferry Landing v. Wirtz*, 188 Ga. App. 344 (373 SE2d 50) (1988).

(c) Rule 6.4 of the Uniform Superior Court Rules requires counsel for the party moving to compel discovery to confer with the opposing counsel prior to filing a motion in an effort to resolve the matter in conflict. Additionally, "[a]t the time of filing the motion, counsel shall also file a statement certifying that such conference has occurred and that the effort to resolve by agreement the issues raised failed." Plaintiff contends defendant did not comply with the requirements of Rule 6.4 because the affidavit filed by defendant's counsel in support of the motion did not certify that counsel for the parties had conferred.

Rule 6.4 refers to a motion to compel discovery; the requirement for a conference to attempt to resolve the issues raised applies more directly to the situation in which the parties disagree over what is required by the discovery request or, for example, whether certain matters requested by discovery are privileged than to the total failure to respond to discovery. Here, by contrast, the motion granted was defendant's motion to impose the sanction of dismissal, made alternatively to the motion to compel discovery. Plaintiff's total failure to respond is apparent from the record and was further established by the affidavit of defendant's counsel. A copy of the letter to plaintiff's counsel requesting prompt response to the overdue discovery request was filed in support of the motion and, though not identified by sworn testimony in counsel's affidavit, was identified by counsel in defendant's brief in support of the motion. This identification would be the equivalent to counsel's "stating in his place" as an officer of the court that the letter was sent. Though the better practice would be for counsel for the moving party to identify by sworn affidavit any written communications to the opposing counsel concerning the failure to respond to discovery, we cannot say that the motion in this case was defective. The standard for review of an order dismissing a complaint for plaintiff's failure to respond to discovery is abuse of discretion. See *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577 (359 SE2d 441) (1987). We find no abuse of discretion in this case.

3. Contrary to plaintiff's final enumeration of error, the trial court did not wrongly dismiss the action against the other defendants added after the initial complaint against the Board of Commissioners of Douglas County was filed. The trial court's order states only that the complaint against defendant (Board of Commissioners of) Doug-

las County is dismissed.

4. Defendant moved for a penalty of $500, arguing plaintiff's appeal is frivolous. Although we find no merit in plaintiff's enumerations of error, we cannot say plaintiff's arguments concerning the interpretation of Rules 5 and 6.4 of the Uniform Superior Court Rules were frivolous. Defendant's motion for penalty is denied.

*Judgment affirmed. Motion for penalty denied. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 12, 1991 —
RECONSIDERATION DENIED JULY 9, 1991.

*Rubin Law Offices, Robert P. Hoyt*, for appellant.
*Drew, Eckl & Farnham, James F. Cook, Jr., Theodore Freeman, Lane & Price, Barry R. Price*, for appellees.