A97A0076. SMITH v. ADAMSON et al.
A97A0124. SMITH v. WINDER NEWS et al.
(487 SE2d 386)

PER CURIAM.

*Case No. A97A0076*

Mrs. Jimmy Smith sued judges Robert Adamson and T. Penn McWhorter, two of the three superior court judges in the Piedmont Judicial Circuit. She alleged that Judges Adamson and McWhorter

should have recused themselves in prior cases involving her and her family; challenged decisions the judges made in those cases; and sought to impeach the judges, void their decisions in past cases, and enjoin them from sitting on future cases. The case was assigned to Judge T. David Motes, who dismissed the case sua sponte. The trial court then assessed a monetary sanction against Smith, and also imposed injunctive sanctions limiting Smith's ability to file future pro se lawsuits. As we agree with the trial court that the action had to be dismissed and that the sanctions imposed were warranted, we affirm.

1. The case was properly assigned to Judge Motes, the only judge in the circuit not a defendant in the case. See Uniform Superior Court Rule 25.4. And Smith's motion to recuse Judge Motes was properly denied without a hearing before another judge, since Smith's supporting "affidavit," which was not signed or notarized, was in any case legally insufficient to give rise to reasonable doubts about Judge Motes' impartiality. See USCR 25.2 and 25.3; *In re Shafer*, 215 Ga. App. 520 (451 SE2d 121) (1994); *Penney v. State*, 157 Ga. App. 737 (1), 738 (2) (278 SE2d 460) (1981).

2. The sua sponte dismissal of the case was also clearly proper. See *Ga. Receivables v. Williams*, 218 Ga. App. 313 (461 SE2d 280) (1995) (trial court has inherent authority to dismiss a complaint sua sponte in an appropriate case). The courtroom is not the proper forum to initiate or try impeachment proceedings. See Ga. Const. 1983, Art. III, Sec. VII, Pars. I & II. Moreover, judgments in prior actions cannot be collaterally attacked by bringing a separate action in another court. OCGA § 9-11-60. And equitable relief to enjoin defendants from sitting in future cases is not available because an adequate legal remedy is; Smith can bring motions for recusal to be decided on a case-by-case basis. See *Page v. Grady*, 788 FSupp. 1207, 1212, n. 8 (N.D. Ga. 1992). Cf. also *Page*, 788 FSupp. at 1211-1212 (although a federal court can grant injunctive relief against an "inferior" state court judge to prevent a violation of a person's civil rights, it cannot review the actions or practices of a co-equal court).

3. The trial court ordered Smith to pay defendants $5,000 for attorney fees expended in defending this frivolous action. The court found that Smith had filed at least 25 lawsuits in the prior 18 years, most of which were against public officials, entities, and employees. None had been successful, and at least one had resulted in award of attorney fees against her for filing a frivolous suit. But this sanction was apparently insufficient to prevent her from filing this frivolous suit. The court therefore went on to order that any future suits filed by Smith pro se in the Piedmont Judicial Circuit would have to (1) be accompanied by an affidavit from Smith that the suit is not frivolous, malicious, or vexatious, and is substantially justified; (2) be accompa-

nied by an affidavit from the clerk of the court stating that the $5,000 sanction in this case has been paid in full; and (3) be approved by the judge assigned to hear the case, who will dismiss the suit sua sponte if it is found to lack substantial justification.

This limitation on Smith's ability to file pro se lawsuits does not totally deprive her of meaningful access to the courts and is reasonable under the circumstances. See, e.g., *Urban v. United Nations*, 768 F2d 1497, 1499-1500 (D.C. Cir. 1985); *Morgan County v. Winslow*, 862 P2d 921, 923-924 (Colo. 1993). Cf. *Howard v. Sharpe*, 266 Ga. 771 (470 SE2d 678) (1996) (when a prisoner repeatedly files frivolous habeas petitions, his access to the courts may be limited by an order imposing reasonable restrictions on his right to file future suits).

### Case No. A97A0124

When Judge Adamson was running for Superior Court Judge, Smith wrote a letter to the editor of The Winder News ("The News"), accusing him of improperly using his influence with Judge McWhorter, one of Adamson's former law partners. Before publishing Smith's letter, The News contacted Adamson and asked if he wished to respond. He did respond, in a letter in which he pointed out that Smith had brought numerous unsuccessful lawsuits in which she accused numerous judges and other public officials of wrongdoing. The letter also urged those who did not know Smith to "check with almost any sheriff, school official, or court official to find out more about her." Adamson delivered the letter August 4, 1992, and on August 5, 1992, The News printed the letters together in the "Editor's Mailbox" section of the "Opinion" page. Unhappy with Adamson's response, Smith brought this action for libel against both Adamson and The News. Judge Adamson's motion for summary judgment was granted based on the statute of limitation, and although Smith at first appealed from this decision, she eventually dismissed her appeal. The News' motion to dismiss for failure to state a claim was denied.

The News and Smith entered into settlement negotiations, and a dispute arose regarding whether a settlement agreement had been reached: The News said it had, but Smith denied it. The News therefore filed a motion to enforce the settlement agreement, and further moved to take Smith's deposition even though the discovery period was closed. The court reopened discovery for this purpose, but Smith refused to cooperate in scheduling a deposition and filed a motion for a protective order. The court denied the motion for a protective order, denied Smith's request for a certificate of immediate review, and informed Smith that the deposition had to go forward in the absence of a court order to the contrary. Smith then agreed to make herself

available June 3, 1996, at 10:00 a.m. She nonetheless filed a notice of appeal from the denial of the protective order, and even though counsel for The News informed her that the notice of appeal was void because the order was not appealable without a certificate of immediate review, she did not appear for her scheduled deposition.

When the court received a copy of Smith's notice of appeal, it sua sponte dismissed the invalid appeal and ordered Smith to appear for a deposition June 6, 1996. The court subsequently received The News' motion for sanctions, and scheduled a hearing on the motion for June 10, 1996. On June 6, 1996, Smith again failed to appear, saying she had a doctor's appointment. And on June 10, the day the trial was scheduled to begin, she filed a motion to recuse Judge Richard Story (the judge from another circuit to whom the case had been assigned after Judge McWhorter recused himself). Judge Story denied the motion to recuse and granted The News' motion for sanctions, dismissing the libel case with prejudice.

4. Smith's appeal from the denial of her protective order was properly dismissed, as it was an interlocutory order which cannot be appealed without a certificate of immediate review. Smith's reliance on *R. J. Reynolds Tobacco Co. v. Fischer*, 207 Ga. App. 292 (427 SE2d 810) (1993), an opinion involving a discovery order issued by a Georgia court in a case from another state, is frivolous.

5. The court did not abuse its discretion in denying the motion to recuse, as the motion was untimely and the supporting affidavit was legally insufficient. See USCR 25.2. Contrary to Smith's apparent belief, a ruling against her is not an indication of bias.

6. Nor did the court abuse its discretion in dismissing the case with prejudice when Smith twice failed to attend her scheduled deposition — at least one of which was clearly court-ordered. See OCGA § 9-11-37 (b) and (d); *Jarallah v. Pickett Suite Hotel*, 193 Ga. App. 325 (388 SE2d 333) (1989). Unlike the trial court in *Loftin v. Gulf Contracting Co.*, 224 Ga. App. 210 (480 SE2d 604) (1997), the trial court here gave Smith a meaningful opportunity to explain, but then rejected her explanation, explicitly finding that her failure to cooperate was intended to defeat the discovery process and delay trial of the case. The trial court repeatedly gave Smith the benefit of the doubt as a pro se litigant, but properly noted that such litigants cannot be allowed to take advantage of their pro se status to the point that their adversaries are effectively penalized for being represented.

7. Smith also enumerates as error the trial court's grant of summary judgment for defendant Judge Adamson. As she fails to support this enumeration with any argument, we consider it abandoned. See Court of Appeals Rule 27 (c) (2). In any case, the grant of summary judgment based on the statute of limitation was proper, since Judge Adamson's only publication of the letter was when he delivered it to

The News on August 4, 1992, and this action was filed on August 5, 1993, more than one year later. See OCGA § 9-3-33 (action for injury to reputation must be brought within one year).

8. We have reviewed Smith's remaining enumerations and conclude they are meritless.

*Judgments affirmed. All the Judges concur.*

DECIDED MAY 22, 1997 —
RECONSIDERATION DENIED JUNE 5, 1997 — ▇▇▇▇▇▇▇▇

Before Judge Motes.

Mrs. Jimmy H. Smith, *pro se.*

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, John C. Jones, Senior Assistant Attorney General, David J. Marmins, Assistant Attorney General,* for Adamson et al.

*Long, Aldridge & Norman, Bruce P. Brown, Blasingame, Burch, Garrard, Bryant & Ashley, E. Davison Burch,* for Winder News et al.