A98A1635. DANIEL v. CORPORATE PROPERTY INVESTORS.
(505 SE2d 576)

BLACKBURN, Judge.

Plaintiff Leonard Dale Daniel appeals from the trial court's order granting the defendant Corporate Property Investors' (CPI), motion to compel discovery and to dismiss plaintiff's complaint as a sanction. We affirm. Daniel contends: (1) that the motion to compel discovery was defective as it did not contain the certification of a good faith effort required by Uniform Superior Court Rule (USCR) 6.4 (B); (2) that the trial court failed to make the required finding of wilfulness prior to the imposition of the sanctions; and (3) that he was denied due process because he was not provided a hearing.

"Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion." (Citation omitted.) *Fidelity Enterprises v. Heyman & Sizemore*, 206 Ga. App. 602, 603 (426 SE2d 177) (1992).

Daniel filed the instant action on January 3, 1997, for injuries allegedly sustained as a result of an accident which occurred while he was riding an escalator at Lenox Square Mall. On January 24, 1997, CPI answered the complaint and served interrogatories and requests for production of documents on Daniel. Daniel failed to respond to the discovery requests. In a letter dated May 5, 1997, CPI requested that Daniel provide responses to discovery. The record contains no indication of a response to this letter.

On July 21, 1997, CPI filed a motion to compel and for sanctions resulting from Daniel's failure to respond to discovery requests. Thereafter, CPI amended its motion for sanctions to include Daniel's failure to appear for his properly noticed deposition. Daniel failed to respond to either motion to compel. No request for a formal hearing was made by either party, and the trial court entered an order dismissing Daniel's case with prejudice on November 10, 1997.

1. In his first enumeration of error, Daniel contends that CPI failed to certify to the court that a good faith effort to resolve the dis-

covery dispute was made, as required by USCR 6.4 (B).[1] However, we have addressed this issue previously and decided it adversely to Daniel. See *Fisher v. Bd. of Commrs. of Douglas County*, 200 Ga. App. 353, 354 (2) (c) (408 SE2d 120) (1991). Therein, we determined that defense counsel's letter requesting discovery responses satisfied USCR 6.4 where the plaintiff had failed to make any response to the defendant's motion to compel. Id. We determined that USCR 6.4 "applie[d] more directly to the situation in which the parties disagree[d] over what [was] required by the discovery request or, for example, whether certain matters requested by discovery [were] privileged than to the total failure to respond to discovery." Id. Therefore, Daniel's enumeration is without merit.

2. Daniel's contention that the trial court erred in entering an order without a prior finding of wilfulness also fails. "Willfulness is implied by the total failure to respond to discovery when no reason or excuse is offered in response to a motion to compel. *Schrembs v. Atlanta Classic Cars*, 197 Ga. App. 450 (398 SE2d 712) (1990)[, aff'd, 261 Ga. 182 (402 SE2d 723) (1991)]; see also *Bells Ferry Landing v. Wirtz*, 188 Ga. App. 344 (373 SE2d 50) (1988)." *Fisher*, supra at 354 (2) (b).

Daniel's reliance on *Gen. Motors Corp. v. Conkle*, 226 Ga. App. 34, 40 (486 SE2d 180) (1997) is misplaced, as that case is physical precedent because only two judges supported the majority opinion and it is therefore not binding authority. The special concurrence disagreed that an explicit finding of wilfulness was required and noted that such finding could be implied from the trial court's order. Id. at 49. Additionally, the facts in *Conkle*, supra, are distinguishable from those in the present case. Therein, General Motors had partially complied with the trial court's discovery orders and had responded to Conkle's motion to compel discovery. In the present case, Daniel failed to make any effort to respond to discovery requests and also failed to respond to CPI's motion to compel. Under such a situation, an express finding of wilfulness is unnecessary. See *Fisher*, supra at 354.

3. In his third enumeration of error, Daniel contends that he was denied due process because the trial court dismissed his complaint without a hearing on CPI's motion to compel. However, a hearing is not always required. The Supreme Court of Georgia has held that "the trial court need not conduct a hearing on the issue of wilfulness

---

[1] USCR 6.4 (B) requires that "[p]rior to filing any motion seeking resolution of a discovery dispute, counsel for the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the matters involved [and] shall also file a statement certifying that such conference has occurred and that the effort to resolve by agreement the issues raised failed."

in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." *Schrembs*, 261 Ga. at 182-183.

In the present case, Daniel failed to respond to CPI's motion to compel and for sanctions for the four months it remained pending prior to the trial court's order. Daniel also failed to request a hearing on such motion, nor did he comply with the discovery request. Based upon these facts, the trial court was authorized to enter its order without a hearing. *Schrembs*, 261 Ga. 182.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 31, 1998.

*C. Samuel Rael*, for appellant.
*Duncan & Mangiafico, Royce F. Morris*, for appellee.