## A99A1769. RIVERS v. ALMAND.
### (527 SE2d 572)

SMITH, Judge.

To sanction plaintiff Mary Rivers for her total noncompliance with the discovery process, the trial court dismissed her complaint with prejudice, cast costs upon her, and awarded $500 in attorney fees. On appeal, Rivers seeks to challenge the order dismissing her case. We affirm.

Rivers instituted a personal injury lawsuit against James Almand in July 1998. Almand answered and served interrogatories and requests for production of documents on August 12, 1998. When Rivers completely failed to respond, Almand's counsel wrote a letter dated September 21, 1998, inquiring as to whether there was a problem and offering to agree to an extension if one was needed. After no reply was forthcoming, Almand's counsel sent a second letter on October 30, 1998, again requesting a response. When again met with silence, on November 24, 1998, Almand's counsel wrote another letter to Rivers's counsel seeking a response and suggesting that counsel contact him "if there is some problem of which I am unaware." Almand's counsel advised, however, that if the documents were not provided within ten days, he would file a motion to compel seeking sanctions. Subsequently, Almand moved to compel or in the alternative for sanctions, including dismissal of the complaint due to "plaintiff's total and wilful failure to respond to discovery." About two weeks after this motion was filed, neither Rivers nor her counsel appeared for a noticed deposition. A court reporter certified the nonappearance of Rivers and her attorney. Almand then filed a supplemental brief to his motion to compel, pointed to this additional evidence of misconduct, and again requested the dismissal of Rivers's complaint.

Rivers did not file a written response to Almand's motion to compel or for sanctions, and the matter proceeded to a hearing. Following oral argument, the trial court dismissed Rivers's complaint with prejudice.

1. In four overlapping enumerations of error, Rivers contends that the trial court erred and abused its discretion in dismissing her complaint with prejudice. Citing to absolutely no evidence in the record, and apparently conceding the facts outlined above, Rivers now brazenly asserts that the trial court erred in dismissing her complaint. We disagree and impose sanctions for the frivolous appeal brought to this court.

Trial courts have broad discretion to control discovery, including the imposition of sanctions. *Daniel v. Corporate Property Investors*, 234 Ga. App. 148 (505 SE2d 576) (1998). Absent the showing of a clear abuse of discretion, a court's exercise of that broad discretion will not be reversed. Id. Here, no abuse has been shown. *Tompkins v. McMickle*, 172 Ga. App. 62, 64 (2) (321 SE2d 797) (1984).

The law authorizing the imposition of sanctions for discovery-related abuses is not ambiguous, uncertain, or arcane. OCGA § 9-11-37 (d) (1). Provided proper discovery procedures are followed, when a party fails to appear for a properly noticed deposition, or fails to answer or object to interrogatories properly submitted under OCGA § 9-11-33, or after appropriate service fails to respond to document requests, a trial court may take any action delineated under OCGA § 9-11-37 (b) (2) (A)-(C). Id.; see *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 439 (2) (254 SE2d 825) (1979). Among several other options, subsection (b) (2) (C) authorizes a court to enter an order "dismissing the action or proceeding or any part thereof." OCGA § 9-11-37 (b) (2) (C). Moreover, an order compelling discovery is not a condition precedent for the imposition of sanctions under subsection (d). *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981). All that is required is a motion, notice, and a hearing. Id.

Here, the evidence confirms that Rivers committed three separate violations of the discovery rules, inexplicably failing to comply with the most elementary requirements of the discovery sections of the Civil Practice Act. See OCGA §§ 9-11-30 (a); 9-11-33 (a) (2); 9-11-34 (b) (2). While an explicit finding of wilfulness by the trial court would have been preferable, "a conscious or intentional failure to act," as distinguished from accidental or involuntary noncompliance may constitute "wilful" conduct that authorizes dismissal. *Washington v. South Ga. Med. Center*, 221 Ga. App. 640, 641 (1) (472 SE2d 328) (1996) (full concurrence as to Division 1).

According to the undisputed evidence, Almand's counsel served copies of the interrogatories, document requests, and a notice of deposition upon Rivers's counsel of record. Yet Rivers failed to respond to

the requested discovery or to appear at her deposition. The record contains no reason, excuse, or justification for her nonappearance. Nor did Rivers submit any response to Almand's motion for sanctions. From this evidence, the trial court could determine that Rivers's noncompliance was intentional. *James v. Gray*, 229 Ga. App. 39, 41 (494 SE2d 198) (1997). Although the trial court did not employ the word "wilful" in its order, such a finding is implicit in the evidence before us. See *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 183 (402 SE2d 723) (1991). In fact, the record contains absolutely no evidence to support a contrary finding. Compare *Cook*, supra (evidence showed defendant unsuccessfully attempted to change place and time of deposition).

Although Rivers claims that the trial court abused its discretion, she has offered not a scintilla of evidence to support that assertion. Nothing in the record suggests even an inkling of justification for Rivers's repeated failures to comply with routine discovery. Nor did Rivers bother to provide a transcript of the motion hearing for review on appeal. See OCGA § 5-6-41; *Wright v. Southern' Investment Properties*, 204 Ga. App. 538 (419 SE2d 764) (1992) (absent transcript or stipulation therefor, appellate court must assume the evidence supported the trial court's judgment). Based on the uncontested evidence appearing in the record, and in the absence of a transcript of the motion hearing, we cannot imagine any basis whatsoever for finding that the trial court abused its discretion in imposing the ultimate sanction of dismissal with prejudice. *Daniel*, supra at 149-150 (3).

2. Since the applicable law is unquestionably clear and this appeal has no arguable merit, pursuant to Court of Appeals Rule 15 (b) we impose a sanction of $500, not against Rivers herself, but against her attorney for pursuing this appeal.[1] Upon receipt of the remittitur, we direct the trial court to impose upon counsel for Rivers a penalty of $500. *Barron v. Spanier*, 198 Ga. App. 801, 802 (403 SE2d 88) (1991).

*Judgment affirmed with direction. Pope, P. J., and Miller, J., concur.*

DECIDED DECEMBER 16, 1999.

*Clark & Washington, Arthur M. Washington*, for appellant.

---

[1] Court of Appeals Rule 15 (b) provides: "[t]he panel of the Court ruling on a case, with or without motion, may by majority vote impose a penalty not to exceed $1,000 against any party and/or party's counsel in any civil case in which there is [an] appeal . . . determined to be frivolous."

*Crim & Bassler, Mitchell S. Evans*, for appellee.