## A00A1348. BARREGO et al. v. OHM REMEDIATION SERVICES CORPORATION.
### (537 SE2d 774)

PHIPPS, Judge.

The trial court dismissed Maria Barrego and Margaret Lugue's lawsuit against OHM Remediation Services Corporation because the plaintiffs failed to respond to discovery requests directed to Barrego. Barrego and Lugue appeal. Initially, we find that, under the circumstances, OHM was not required to conduct a discovery conference prior to filing its motion for sanctions. Next, we find that the trial court improperly considered OHM's motion for sanctions without conducting a hearing. We must therefore reverse the dismissal of Barrego's claims and remand for an appropriate hearing. Finally, we reverse the dismissal of Lugue's claims because she was never served with discovery requests.

Barrego and Lugue filed suit against OHM for trespass to real property. Although Barrego was the only plaintiff named in the caption, Lugue was included as a plaintiff in the body of the complaint. OHM answered the complaint and served discovery requests directed only to Barrego. When Barrego failed to respond, OHM's counsel sent a letter to Barrego's counsel notifying him that the responses were one month late and that if they were not received within ten days, he would file a motion for sanctions. Barrego's counsel never responded to the discovery or to the letter from OHM's counsel.

OHM filed a motion for sanctions, seeking expenses of the motion and dismissal of the complaint or an order compelling responses to the discovery requests. Barrego filed a one-sentence response, which merely requested that the motion for sanctions be denied. Both parties requested oral argument.

Upon a review of the record and without a hearing, the trial court found that the failure to respond to the discovery requests was wilful and dismissed the case with prejudice. The trial court also taxed costs against "the plaintiff."

1. Barrego contends that OHM failed to conduct the conference required by Uniform Superior Court Rule 6.4 (B) prior to filing the motion for sanctions. We addressed this issue in *Fisher v. Bd. of*

*Commrs. of Douglas County*[1] and decided it adversely to Barrego's position here. In *Fisher*, we determined that the conference requirement of Rule 6.4 applies more directly to a situation where the parties disagree about what is required by the request or, for example, whether the information sought is privileged, than to the complete failure to respond to discovery.[2] OHM's counsel established by affidavit that he sent a letter requesting the responses prior to filing a motion for sanctions. That was sufficient under the circumstances.[3]

2. Barrego contends that the trial court erred in dismissing the action without conducting a hearing.

Although it is not necessary to issue an order compelling discovery as provided for in OCGA § 9-11-37 (b) prior to imposing the sanction of dismissal under OCGA § 9-11-37 (d),[4] a motion, notice and hearing are required.[5] Because the final element is missing here, we must reverse the dismissal of Barrego's claims and remand the case to allow the trial court to conduct a hearing on OHM's motion for sanctions against Barrego.

3. Lugue contends that the trial court erred in dismissing her complaint against OHM because she was never served with any discovery requests. We agree.

Arguing in support of the trial court's order, OHM does not contend that it served Lugue with discovery requests but relies on the trial court's broad discretion in discovery matters and the fact that Lugue's name was not included in the caption to the complaint. A trial court's discretion is not broad enough to allow dismissal of a plaintiff's complaint based on her co-plaintiff's failure to respond to discovery requests.[6] Nor is the fact that Lugue's name was not included in the caption to the complaint sufficient to allow dismissal of her claims.[7]

It is not clear from the trial court's order whether the court intentionally dismissed Lugue's claims or did not realize that the case involved more than one plaintiff. Because the effect of the order

---

[1] 200 Ga. App. 353, 354 (2) (c) (408 SE2d 120) (1991).

[2] Id.

[3] Id.; *Daniel v. Corporate Property Investors*, 234 Ga. App. 148, 149 (1) (505 SE2d 576) (1998).

[4] *Rivers v. Almand*, 241 Ga. App. 565, 566 (1) (527 SE2d 572) (1999) (citing *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981)).

[5] Id.

[6] See *Singleton v. Eastern Carriers*, 192 Ga. App. 227, 228 (2) (384 SE2d 202) (1989) (co-defendant cannot become the beneficiary of a dismissal under OCGA § 9-11-37 (d) (1) based on plaintiff's failure to respond to the other co-defendant's discovery).

[7] See *Bolton Road Med. Center v. Strother & Co.*, 140 Ga. App. 724 (231 SE2d 533) (1976) (failure to name individual partners in the caption of the case is an amendable defect and will not authorize setting aside a judgment).

is dismissal of the entire case, we reverse it to the extent that it also dismisses Lugue's claims.

*Judgment reversed and case remanded. Johnson, C. J., and Smith, P. J., concur.*

DECIDED JULY 27, 2000.

*Walter D. Adams*, for appellants.

*Cruser & Mitchell, Joseph R. Cruser, Drew, Eckl & Farnham, Jennifer M. McBath*, for appellee.