## A01A1452. TAHAMTAN v. CHASE MANHATTAN MORTGAGE CORPORATION.
### (555 SE2d 76)

ANDREWS, Presiding Judge.

Amir A. Tahamtan appeals from an order of the Fulton County Superior Court awarding attorney fees pursuant to OCGA § 9-15-14 (b) to Chase Manhattan Mortgage Corporation and further ordering that he be barred from filing further suits in the Atlanta Judicial Circuit until he satisfies the judgment for attorney fees. Because the record supports the attorney fees award and the limitation on further suits, and we find no abuse of discretion by the trial court, we affirm.

The trial court granted summary judgment in favor of Chase Manhattan on a pro se suit brought by Tahamtan alleging that Chase Manhattan wrongfully failed to cancel a security deed in violation of OCGA § 44-14-3 and defrauded, defamed, and intentionally inflicted emotional distress on him. After the grant of summary judgment, Chase Manhattan moved for the award of attorney fees under OCGA § 9-15-14. The trial court granted the motion finding that the suit lacked substantial justification and awarded attorney fees in the amount of $29,311.79 pursuant to OCGA § 9-15-14 (b). In support of the motion, Chase Manhattan also produced evidence that Tahamtan had engaged over a period of years in a pattern of filing frivolous pro se litigation, including suits against financial institutions with allegations similar to those contained in the present suit. Evidence was produced showing dozens of pro se suits filed by Tahamtan in Fulton County and other local courts, a number of which showed frivolous allegations on their face and which had been dismissed. In an effort to prevent Tahamtan from filing frivolous suits in the future, the Fulton Superior Court further ordered that Tahamtan be barred from filing any further suits in the Atlanta Judicial Circuit unless he first satisfies the judgment for attorney fees in the present case and files of record an affidavit of the clerk of court that said judgment has been satisfied.

Tahamtan's pro se appeal is not from the grant of summary judgment in favor of Chase Manhattan, but only from the order awarding attorney fees and limiting his right to file suits in the future.

1. We find no abuse of discretion in the trial court's conclusion that the suit lacked substantial justification thus justifying the award of attorney fees pursuant to OCGA § 9-15-14 (b). *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (360 SE2d 566) (1987). The record was sufficient to show that Tahamtan knew when he filed the suit that Chase Manhattan's refusal to cancel the instrument was based on a bona fide controversy and a good faith belief that the debt had not been paid, and therefore he had no cause of action for the damages he sought for alleged violation of OCGA § 44-14-3.

*Mitchell v. Oliver*, 254 Ga. 112, 116 (327 SE2d 216) (1985) (no liability for refusal to cancel instrument where refusal is in good faith belief that the debt has not been paid). Moreover, the trial court did not abuse its discretion in determining there was no substantial justification for the additional claims for fraud, defamation, and intentional infliction of emotional distress. In addition to statements by counsel made in her place as an officer of the court regarding attorney fees, other cumulative documentary evidence was introduced sufficient to support the amount of attorney fees awarded.

2. The record does not support Tahamtan's contention that he was prevented by the trial court from testifying or offering evidence at the hearing.

3. Finally, the trial court did not abuse its discretion by requiring Tahamtan to pay the attorney fees award prior to filing further lawsuits. It was appropriate for the trial court to consider evidence of prior frivolous suits filed by Tahamtan, and the limitation imposed by the court after consideration of this evidence did not totally deprive him of meaningful access to the courts and was reasonable under the circumstances. *Smith v. Adamson*, 226 Ga. App. 698, 699-700 (487 SE2d 386) (1997).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED OCTOBER 3, 2001 —
RECONSIDERATION DENIED OCTOBER 22, 2001.

Amir A. Tahamtan, *pro se.*

*Schnader, Harrison, Segal & Lewis, Catherine M. Banich, John C. Porter, Jr.,* for appellee.