A03A0524. WASHINGTON v. HARRIS.
(578 SE2d 286)

ELDRIDGE, Judge.

Gary Harris ("Harris") sued Mary Etta Washington ("Washington") for failure to pay alleged debts evidenced by a promissory note. On appeal, Washington contends that the trial court erred in ordering her answer stricken and entering judgment against her in the amount of $50,000 for failure to appear at her deposition under OCGA § 9-11-37 (d) without conducting a hearing and not expressly finding wilfulness. Washington further contends that the trial court erred at the nonjury trial of the case by considering her liability on the note in addition to the issue of damages — this, for want of notice as to the issue of liability. We disagree and affirm.

The record shows that Washington answered a suit on a promissory note for debts totaling $50,000 filed by Harris, her former boyfriend. Washington was thereafter served with notice to take her deposition and a request to produce certain documents. By consent of the parties, the taking of the deposition and the request for production were rescheduled. Washington thereafter failed to appear. There was

[7] OCGA § 9-14-43.
[8] *Battle,* supra.

no motion to compel discovery; however, Harris moved for sanctions, and, without conducting a hearing because no response was filed, the trial court ordered Washington's answer stricken and granted default judgment against her. Following a hearing on a motion to reconsider or set aside judgment, the trial court later modified its order, among other things expressly finding that Washington wilfully refused to attend the deposition and vacating the judgment against Washington as to damages only. Notwithstanding default judgment against Washington remaining on the issue of liability, at the nonjury trial of the case, Washington appearing pro se, the trial court considered the issue of her liability on the note as well as the question of the damages due Harris. After doing so, the trial court entered judgment against Washington in the amount of $50,000 and, further finding her defense substantially frivolous, groundless, and vexatious, awarded Harris $12,443.31 as attorney fees and expenses of litigation under OCGA § 9-15-14. *Held*:

1. Washington does not take issue with the sufficiency of the evidence in support of the trial court's order striking her answer and entering default judgment against her, but instead argues that such order was improper without a hearing and in the absence of an express finding of wilfulness. The imposition of sanctions under OCGA § 9-11-37 (d) without a motion, notice, and a hearing is reversible error.[1] *Barrego v. OHM Remediation Svcs. Corp.*, 245 Ga. App. 389, 390 (2) (537 SE2d 774) (2000). However, the record unequivocally shows that the trial court modified the ex parte order complained of after its hearing on motion for reconsideration and to set aside judgment. There also is no issue that such hearing was duly noticed and that Washington was then represented by counsel. In addition, while there is no requirement that a trial court expressly find wilful noncompliance to impose sanctions under OCGA § 9-11-37 (d), see *Rivers v. Almand*, 241 Ga. App. 565, 567 (527 SE2d 572) (1999), citing *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 183 (402 SE2d 723) (1991) (word "wilful" unnecessary in order to impose sanctions for discovery violations where wilfulness implicit in the evidence supporting sanctions), the trial court did so by its order on the motion to reconsider and set aside judgment. As the record unequivocally reflects the imposition of sanctions under OCGA § 9-11-37 (d) upon a proper hearing and due finding of wilful discovery violation, the instant claim of error must be deemed without merit.

---

[1] It is unnecessary to issue an order compelling discovery as provided by OCGA § 9-11-37 (b) as a condition precedent to imposing sanctions under OCGA § 9-11-37 (d). All that is necessary is a motion, notice, and a hearing. *Rivers v. Almand*, 241 Ga. App. 565, 566 (1) (527 SE2d 572) (1999), citing *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981).

2. Washington's claim that, at the bench trial of the case, the trial court erred in hearing the issue of her liability on the note in addition to the issue of damages due Harris for want of notice thereof is likewise devoid of merit. Because the trial court properly left to be resolved only the question of the damages due Harris by its order upon Washington's motion to reconsider and set aside judgment, there was neither a right to notice nor a duty to give notice that the trial court would further consider the liability issue at trial. See *Daniel v. Corporate Property Investors*, 234 Ga. App. 148 (505 SE2d 576) (1998) (trial courts enjoy broad discretionary authority to control discovery, including the imposition of sanctions). However, even assuming that the trial court abused its discretion (and we find that it did not), there was no prejudice. Washington does not contend that she lacked notice of the trial court's hearing on damages, a defect which would have required that the judgment be set aside under OCGA § 9-11-60 (d) (3) in that Washington was there pro se. *Housing Auth. of Atlanta v. Parks*, 189 Ga. App. 97, 98 (374 SE2d 842) (1988). Further, in hearing the evidence on the issue of liability, the trial court did no more than allow Washington a second bite of the apple — this out of an apparent deference to her status as then pro se and an abundance of caution. Washington's liability otherwise stood as admitted by operation of law incident to the imposition of the sanction of default judgment on the issue. See *Stroud v. Elias*, 247 Ga. 191, 193 (1) (275 SE2d 46) (1981) ("A judgment by default properly entered against parties sui juris operates as an admission by the defendant of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded and forced inferences are not admitted by a default judgment.") (citations and punctuation omitted). And, finally, Washington points to nothing she would have done differently at trial had she been given the notice which she complains was denied. "Harm as well as error must be affirmatively shown by the record to obtain reversal." (Citation omitted.) *Evans v. State*, 233 Ga. App. 879, 880 (2) (506 SE2d 169) (1998). This claim of error as, in effect, "staring a gift horse in the mouth," must likewise fail as without merit.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 14, 2003 — 

*Lane & Jarriel, Thomas F. Jarriel*, for appellant.
*Sell & Melton, Neil A. Halvorson*, for appellee.