A04A1926. WOLFPACK ENTERPRISES, INC. v. ARRINGTON et al.
(612 SE2d 35)

RUFFIN, Chief Judge.

Wolfpack Enterprises, Inc. ("Wolfpack") filed an application for confirmation of an arbitration award entered against Marvin Arrington, Jr., Marlon Nichols and R. M. Lathan. However, the award attached to the application is in the name of Wolfpack Enterprises, *LLC,* not *Inc.* On March 16, 2004, the court held a hearing on the application. Wolfpack was not present. Following the hearing, the trial court dismissed the application with prejudice for two reasons: (1) lack of prosecution and (2) the proper party had not filed the application within the applicable statute of limitation. Wolfpack appeals, and for reasons that follow, we reverse.

We review a dismissal based on lack of prosecution under an abuse of discretion standard.[1] Here, the record reflects that the trial court initially scheduled a hearing on the application for February 24, 2004. Although there is no transcript of what transpired on that date, the parties concede that the trial court granted a continuance. Appellees Arrington and Lathan argue that on that date, the court asked the parties to reschedule the hearing to March 16, 2004, and that all of the parties agreed. Wolfpack, however, asserts that the trial court indicated the hearing would be rescheduled for March or April. According to Wolfpack, it never received notice of the March 16 hearing. And the record contains no such notice.

The court held a hearing on March 16, 2004.[2] The trial judge commented on Wolfpack's absence, noting that "I do know [Wolfpack's attorney] received notice [regarding the hearing]," and stating "I don't know, maybe he has no continuing interest. But he had to

---

[1] See *Ector v. Unison Ins. Co.,* 228 Ga. App. 520, 521 (1) (492 SE2d 287) (1997).
[2] Lathan, who was apparently pro se, also failed to appear.

have received published notice."

1. In two related enumerations of error, Wolfpack argues that it appeared for the only published hearing in the case and that the trial court erred in dismissing the application with prejudice for want of prosecution. We agree. A dismissal with prejudice based solely on want of prosecution or failure to appear is improper. As this Court has held:

> [u]nder Uniform Superior Court Rule 14, the trial court may dismiss *without prejudice* any civil action upon the failure to properly respond to the call of the action for trial. Pursuant to OCGA § 9-11-41 (b) and (c), the dismissal . . . for failure to prosecute does not operate as an adjudication upon the merits. These authorities restrict the dismissal of an action for failure to appear at the call of the case to one without prejudice.[3]

Here, the trial court's order makes clear that the dismissal was based on want of prosecution. Thus, the trial court erred in dismissing the case with prejudice.[4]

2. Having established that a dismissal with prejudice based solely on lack of prosecution is improper, we next address Wolfpack's argument that the trial court erred in dismissing the application on the additional basis of a misnomer in the application. Arrington and Lathan admit that Wolfpack "could have made a motion to correct its legal name had [it] shown up for trial." Nonetheless, they argue, citing *Foskey v. Vidalia City School*,[5] that Wolfpack's action in signing the petition under the name Wolfpack Enterprises, LLC, is not a misnomer, but rather the improper addition of an additional party to the suit. We disagree.

Pursuant to OCGA § 9-10-132,

> [a]ll misnomers . . . made in writs, pleadings, or other civil judicial proceedings, shall, on motion, be amended and corrected instanter without working unnecessary delay to the party making the same.

And in *Foskey*, we noted that

---

[3] (Citations, punctuation and emphasis omitted.) *Howard v. AMLI Realty Co.*, 226 Ga. App. 372 (486 SE2d 649) (1997).

[4] See id.

[5] 258 Ga. App. 298 (574 SE2d 367) (2002).

[w]here the defendant can show no harm, the correction of a misnomer, even of another legal entity's correct name, is not an abuse of discretion. The correction of a misnomer applies only when there is no change of parties and does not add a new and distinct party, which had not been previously served in the case.[6]

This is true even if the statute of limitation has run.[7]

Here, unlike *Foskey*, the misnomer occurred in the name of the plaintiff, not the defendant. There is no dispute that all of the defendants were properly served and that the award itself was clearly in the name of Wolfpack Enterprises, Inc. And Arrington and Lathan, in addition to admitting that Wolfpack could have moved to correct the misnomer if it had appeared in court, also do not argue that they would have been harmed by correction of the misnomer. Accordingly, we find that the trial court abused its discretion in dismissing the application with prejudice on this basis, and we reverse.[8]

3. Finally, Wolfpack argues that dismissal of the application on the ground that the arbitrator manifestly disregarded the law was improper. It appears from the order, however, that the court did not dismiss the application on this ground. The court merely stated that it "would likely have vacated the award, anyway, as the arbitrator likely manifestly disregarded the law." Accordingly, we do not address this enumeration of error.

*Judgment reversed. Adams and Bernes, JJ., concur.*

DECIDED MARCH 14, 2005.

*Thomas, Kennedy, Sampson & Patterson, Thomas G. Sampson, Thomas G. Sampson II, Jeffrey E. Tompkins*, for appellant.

*Marvin S. Arrington, Jr.*, pro se.

R. M. *Lathan, pro se.*

Marlon Nichols, *pro se.*

---

[6] (Citations omitted.) Id. at 300 (a).

[7] See id.

[8] See id.; see also *Robinson v. Reward Ceramic Color Mfg.*, 120 Ga. App. 380 (170 SE2d 724) (1969).