A09A0206. PORTER et al. v. WELLSTAR HEALTH SYSTEM, INC. et al.

(683 SE2d 35)

DOYLE, Judge.

Gary S. Porter, individually and as executor for Mary F. Porter, deceased, brought suit against WellStar Health System, Inc., d/b/a WellStar Paulding Nursing Center and Carol O'Connell, Administrator, (collectively "WellStar") in connection with the death of his mother, Mary F. Porter. Porter appeals after the trial court dismissed his action with prejudice for failure to prosecute and for wilfully violating court orders. We reverse, for reasons that follow.

Porter originally filed this action on November 24, 2005, and on April 27, 2006, the trial court entered a scheduling order with the consent of the parties. The order included a requirement that Porter provide information regarding the experts he intended to use at trial no later than July 3, 2006. Porter did not identify his experts by the deadline, and on August 4, 2006, WellStar filed a motion to dismiss based on his failure to comply with the scheduling order. Porter then dismissed the action without prejudice on August 29, 2006, before the trial court could rule on WellStar's motion.

Porter filed a renewal action on February 26, 2007, in accordance with OCGA § 9-2-61 (a), and the case was assigned to the same judge as the original action. WellStar answered the complaint and served Porter with additional discovery requests, which were virtually identical to the discovery requests filed in the original action. One of the interrogatories requested that Porter identify his expert witnesses, to which Porter responded that he had not yet determined his expert witnesses for trial. On August 1, 2007, upon motion by WellStar, the trial court ordered that all pleadings, discovery, and

documents in the 2004 action be included and placed in the record of the current action. The order also directed that "any unanswered discovery" from the prior action be answered within 60 days of the August 1 order, or by October 1, 2007. The order stated that "[t]he Court believes that time period should be sufficient to locate old files, review same for compliance with discovery, and answer such if such has not been previously answered."

On February 25, 2008, WellStar moved to dismiss Porter's complaint for violation of the trial court's August 1, 2007 order. WellStar also noted therein that Porter had failed to comply with the scheduling order in the original action that required him to identify his experts by a date certain.[1] Porter identified an expert witness on March 24, 2008, in response to WellStar's motion. On May 15, 2008, following a hearing, the trial court entered an order dismissing Porter's complaint with prejudice, specifically noting that Porter "failed to prosecute [his] case and willfully violated orders of the court" (without specifying those orders with which Porter had failed to comply). This appeal followed.

First, the trial court's dismissal of Porter's complaint with prejudice based on his failure to prosecute his case was improper. "A dismissal with prejudice based solely on want of prosecution . . . is improper," as OCGA § 9-11-41 (b) and (c) provide that such a dismissal "does not operate as an adjudication upon the merits."[2]

Moreover, the trial court abused its discretion in dismissing the complaint based on Porter's failure to comply with court orders. Clearly, the trial court was without authority to dismiss Porter's renewal complaint for failure to comply with the April 2006 order entered in the original action because "[a] renewed lawsuit under OCGA § 9-2-61 (a) is an action de novo."[3] Additionally, the August 1, 2007 order simply required the parties to respond to "any *unanswered* discovery."[4] The order did not impose a specific obligation upon Porter to identify the expert witnesses he intended to use at trial, nor did it set a deadline for Porter to supplement his discovery responses. If in fact the trial court intended to impose such deadlines, that intention is not clear from the order.[5]

---

[1] WellStar also alleged in the motion to dismiss that Porter had failed to make himself available for deposition. But WellStar points to no evidence that it ever properly noticed Porter's deposition, and thus, this allegation provides no basis for dismissal. See OCGA § 9-11-37 (d) (1) (authorizing sanctions, including dismissal of a complaint, for wilful failure to be deposed "after being served with a proper notice").

[2] (Footnote omitted.) *Wolfpack Enterprises v. Arrington*, 272 Ga. App. 175, 176 (1) (612 SE2d 35) (2005).

[3] See *Magsalin v. Chace*, 255 Ga. App. 146, 147 (1) (564 SE2d 554) (2002).

[4] (Emphasis supplied.)

[5] Of course, if the order had contained an explicit mandate that Porter identify his experts

We recognize that a trial court enjoys broad discretion in controlling discovery and that "[h]istorically, it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse."[6] But this discretion is not unlimited.

> *The dismissal of a lawsuit under [OCGA § 9-11-37] for failure to comply with a discovery order is an extreme sanction which may only be employed for a wilful failure in bad faith or in total disregard of the court's order. Such a sanction is generally warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice.*[7]

"As a general rule, the trial court should attempt to compel compliance with its orders through the imposition of lesser sanctions than dismissal. The drastic sanctions of dismissal and default cannot be invoked under OCGA § 9-11-37 except in the most flagrant cases. . . ."[8]

Here, in the absence of an explicit order in the renewal action requiring Porter to identify his expert witnesses by a date certain, we conclude that his failure to do so does not warrant the extreme sanction of dismissal of his case. Accordingly, the trial court abused its discretion in dismissing Porter's complaint.

*Judgment reversed. Smith, P. J., Phipps and Bernes, JJ., concur. Andrews, P. J., Blackburn, P. J., and Adams, J., dissent.*

ADAMS, Judge, dissenting.

I respectfully dissent because I believe the trial judge acted within his discretion in dismissing the complaint in this case. "Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion." (Citation omitted.) *Gropper v. STO Corp.*, 276 Ga. App. 272, 275 (1) (623 SE2d 175) (2005). See also *Collins v. Dickman*,

---

by a date certain, and the trial court determined that he wilfully failed to comply with the order, then the trial court would have acted within its discretion in dismissing the complaint. See OCGA § 9-11-37 (b) (2) (C); *Smith v. Adamson*, 226 Ga. App. 698, 701 (6) (487 SE2d 386) (1997); *Johnson v. Lomas Mtg. USA*, 201 Ga. App. 562, 564-565 (3) (411 SE2d 731) (1991).

[6] (Punctuation omitted.) *Hernandez v. State of Ga.*, 200 Ga. App. 368, 369 (408 SE2d 160) (1991).

[7] (Citations and punctuation omitted; emphasis supplied.) *Harwood v. Great American Mgmt. &c.*, 171 Ga. App. 488, 490 (320 SE2d 269) (1984).

[8] (Citation and punctuation omitted.) *Hernandez*, 200 Ga. App. at 369.

295 Ga. App. 601, 603 (1) (672 SE2d 433) (2008).

While the majority is correct that the trial court could not dismiss the complaint with prejudice based only on a finding that Porter had failed to prosecute,[9] the trial court also found that Porter had wilfully disobeyed the court's August 1, 2007 discovery order. Under OCGA § 9-11-37 (b) (2) (C), a trial court may dismiss an action for failure to comply with a discovery order, but in order to impose such a sanction, the court "must find that the offending party acted wilfully." *Gropper v. STO Corp.*, 276 Ga. App. at 275 (1).[10] The requirement of wilfulness requires a conscious or intentional failure to act, as opposed to an accidental or involuntary noncompliance. Id. This Court must uphold a trial court's factual finding of wilfulness if there is any evidence to support it. Id. I believe the evidence in the record supported the trial court's finding of wilful disobedience, and thus it should be affirmed.

The Supreme Court of Georgia has endorsed a two-step procedure for a trial court to follow in determining if dismissal of an action is an appropriate remedy under OCGA § 9-11-37. First, a motion to compel must be granted and then following a hearing on a subsequent motion for sanctions, the trial court must enter a finding of wilful failure to obey:

> [I]n essence, what the law contemplates under OCGA § 9-11-37 is a two-step proceeding before the ultimate sanction of dismissal or default judgment may be imposed. First, a motion to compel must be filed and granted; second, after the party seeking sanctions notifies the court and the obstinate party of the latter's failure to comply with the order granting the motion to compel and of the moving party's desire for the imposition of sanctions, the trial court may apply sanctions after giving the obstinate party an opportunity to be heard and determining that the obstinate party's failure to obey was willful.

*McConnell v. Wright*, 281 Ga. 868, 869 (644 SE2d 111) (2007).

Although WellStar never filed a formal motion to compel in the original action, the necessity for such a motion was obviated by the scheduling order, which was entered by consent and which compelled compliance with discovery requests and specified that expert wit-

---

[9] *Wolfpack Enterprises v. Arrington*, 272 Ga. App. 175, 176 (1) (612 SE2d 35) (2005).

[10] In addition, "OCGA § 15-1-3 provides that every court has the power to compel obedience to its orders and to control the conduct of everyone connected with a judicial proceeding before that court. [Cit.]" *Truitt v. Housing Auth. of the City of Augusta*, 235 Ga. App. 92, 94 (507 SE2d 781) (1998).

nesses must be identified by a set date. Accordingly, Porter's failure to comply with that order would have been a proper ground for sanctions under OCGA § 9-11-37 (b) (2) (C), but Porter avoided that sanction by dismissing the action and refiling it as a renewal action.

And while WellStar did not file a pleading denominated as motion to compel in the renewal action, the trial court did order Porter to answer any outstanding discovery from the original action in granting WellStar's motion to have all documents from that action filed as of record in the new case. That prior discovery included a request to identify expert witnesses. WellStar subsequently moved for sanctions based upon that order. Accordingly, I believe that the requirements of the first step of the required procedure under OCGA § 9-11-37 were sufficiently met. See *Barrego v. Ohm Remediation Svcs. Corp.*, 245 Ga. App. 389, 390 (1) (537 SE2d 774) (2000); *Fisher v. Bd. of Commrs. of Douglas County*, 200 Ga. App. 353, 354 (2) (c) (408 SE2d 120) (1991).

The trial court also properly followed the procedures under the second step. After WellStar filed its motion for sanctions, the trial court allowed time for briefing and held a hearing in the matter before finding that Porter had acted wilfully in disobeying the court's orders. This Court is required to affirm that finding if any evidence supports it. *Gropper v. STO Corp.*, 276 Ga. App. at 275 (1).

In response to the motion, Porter pointed to WellStar's failure to notice Porter's deposition or to confer with them before seeking sanctions in accordance with Uniform Superior Court Rule 6.4 (B). But strict compliance with Rule 6.4 was not required under the circumstances of this case. See *Barrego v. Ohm Remediation Svcs. Corp.*, 245 Ga. App. at 390 (1); *Fisher v. Bd. of Commrs. of Douglas County*, 200 Ga. App. at 354 (2) (c). Porter also noted that no new scheduling order had been entered in the renewal action, but Porter never explained why he had failed to comply with the original scheduling order or with the trial court's August 1 order to file responses to any unanswered discovery from the prior action.

In addition, the attorney who appeared on behalf of Porter represented that he was a "neophyte in the case," and that his "very first involvement" had been on October 8, 2007. He said that now that he and his co-counsel had taken over "primary responsibility" in the case that they would be "moving the case along as it should be." But the record demonstrates that both of these attorneys' names appeared on the original complaint filed in November 2004, as well as on the complaint in the renewal action filed in February 2007. Both complaints were, in fact, signed by the co-counsel, and WellStar's correspondence seeking to depose Porter was exchanged with that attorney. In addition, that attorney's name was signed "with consent" on the scheduling order in the original action.

Accordingly, the original action began in November 2004, and the trial court was entitled to conclude based upon the record that Porter made the intentional choice not to identify his expert until over three years later in March 2008,[11] which was more than four months past the deadline imposed by the August 1 order. Therefore, at least some evidence authorized the trial court to conclude that Porter and his counsel had wilfully ignored that order, which required a response to outstanding discovery requests, including a request to identify his expert witnesses. While the trial court certainly could have imposed lesser sanctions, including excluding Porter from presenting expert testimony at trial, the court's finding of wilful disobedience was sufficient to support the ultimate sanction of dismissal.

Acknowledging that our Supreme Court has "cautioned against the use of these harsher sanctions except in extreme cases,"[12] I cannot say, under the facts of this case, that the trial court abused its discretion in dismissing Porter's action. Cf. *Smith v. Adamson*, 226 Ga. App. 698, 701 (6) (487 SE2d 386) (1997) (no abuse of discretion in dismissing the case with prejudice when defendant twice failed to attend her scheduled deposition, at least one of which was court-ordered); *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302, 305 (3) (265 SE2d 107) (1980) ("In the absence of any explanation or justification in the record for the long delay in submitting an adequate response or moving for a protective order, we find no abuse of discretion of the trial court in dismissing plaintiff's complaint.").

I am authorized to state that Presiding Judge Andrews and Presiding Judge Blackburn join in this dissent.

DECIDED JULY 14, 2009 —
RECONSIDERATION DENIED JULY 31, 2009

*Delong, Caldwell & Bridgers, Charles R. Bridgers, Steven W. Saccoccia*, for appellants.

*Green & Sapp, Henry D. Green, Jr., Mary P. Adams*, for appellee.

---

[11] Not only was the trial court entitled to take judicial notice of the prior action, *Petkas v. Grizzard*, 252 Ga. 104, 107 (312 SE2d 107) (1984), but the record of that case was specifically made a part of the current case.

[12] *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991). See also *Swindell v. Swindell*, 233 Ga. 854, 856 (2) (213 SE2d 697) (1975).