# Court of Appeals
# of the State of Georgia

ATLANTA,  August 27, 2025

*The Court of Appeals hereby passes the following order:*

**A26E0038.  JOSHUA WRIGHT v. KATHERINE WRIGHT.**

On August 26, 2025, Joshua Wright, proceeding pro se, filed an "Emergency Motion for Leave to File Out-of-Time Appeal" (the "Motion") seeking review of a custody order and failure to appear warrant, both entered on or around March 2024, as well as a three-year family violence protective order entered by the Superior Court of Cobb County on July 15, 2025. The Motion fails for two reasons.

While this Court has the discretion under OCGA § 5-6-39 (a) (1) and Court of Appeals Rule 16 (a) to grant an extension of time for the filing of a notice of appeal, the request for an extension "must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." OCGA § 5-6-39 (d). Because the Motion was filed after expiration of the 30-day period for filing a notice of appeal of any of the trial court's orders, we are without authority to grant the requested extension. See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]").

In addition, the movant has failed to show that he made a bona fide effort to obtain an extension from the trial court under Court of Appeals Rule 16 (a) and fails to meet the standard for emergency relief as contemplated by Court of Appeals Rule

40 (b). Accordingly, the motion is **DENIED**.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _08/27/2025_____

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] The movant is cautioned against filing future motions or pleadings in this Court that have no substantial basis in law. Rule 7 (e) (2) permits this Court to levy penalties for frivolous appeals, applications, or motions against a party or his counsel (including pro se litigants pursuant to Rule 1 (d)) with a penalty of up to $2,500, and the penalty shall constitute a money judgment. Further, the Court will not tolerate discourteous or disparaging remarks regarding opposing counsel, any judge, or the Court or its personnel. Such remarks are strictly forbidden pursuant to Rule 10. Applications, motions, and briefs containing such opprobrious language may be rejected. Finally, we feel that it is our duty to warn the movant that repeated frivolous or abusive litigation may result in his access to the courts being restricted. See *Smith v. Anderson*, 226 Ga. App. 698 (487 SE2d 386) (1997).