### A96A2168. ROBERTS et al. v. MAREN ENGINEERING CORPORATION et al.
#### (483 SE2d 141)

RUFFIN, Judge.

Rommel and Brenda Roberts appeal the trial court's order dismissing their complaint for failure to respond to the defendants' discovery requests. We affirm.

1. " 'This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion.' " *Oliff v. Smith*, 214 Ga. App. 358, 359 (447 SE2d 707) (1994). We find no such abuse under the facts of this case. Those facts show that on July 7, 1995, defendant Maren Engineering Corporation ("Maren") served the Roberts with its first interrogatories and requests for production of documents. On July 11, 1995, defendant James Hynes also served the Roberts with his first interrogatories and requests for production of documents. When the Roberts did not respond to the discovery requests within the time allowed, counsel for both defendants notified the Roberts of their non-compliance and requested a response.

Specifically, on two occasions counsel for Maren telephoned the Roberts' counsel and left messages, but received no return phone calls. Thereafter, on August 25, 1995, counsel for Maren wrote a letter to the Roberts' counsel advising her that Maren had not received responses and that if the Roberts did not immediately respond, Maren would file a motion to dismiss. Although the Roberts' counsel subsequently promised Maren that they would serve responses by September 8, 1995, no such responses were served. On September 25, 1995, Maren moved to dismiss the Roberts' complaint due to their failure to respond to the discovery.

The record shows that Hynes took similar action in notifying the Roberts of their failure to respond to his discovery requests. On August 23, 1995 and September 18, 1995, counsel for Hynes wrote the Roberts' counsel letters requesting responses to Hynes' discovery requests. In the second letter, counsel for Hynes notified the Roberts'

counsel that if they did not respond within ten days, Hynes would move to dismiss the complaint. The Roberts did not respond to the discovery, and on October 2, 1995, Hynes filed a motion to dismiss the Roberts' complaint.

On November 21, 1995, the trial court conducted a hearing on both defendants' motions to dismiss. On the date of the hearing, the Roberts filed a response to the motions to dismiss. And, although the Roberts faxed Maren's counsel incomplete and unverified interrogatory and request for production responses the day before the hearing, there is no evidence showing they ever responded to Hynes' discovery or otherwise properly responded to Maren's discovery. On November 22, 1995, the trial court dismissed the Roberts' complaint pursuant to OCGA § 9-11-37 (b) (2) (C) and (d) (1).

"The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful." (Citations and punctuation omitted.) *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988).

The facts in this case show that the Roberts failed to respond to the defendants' discovery requests for over three months after their responses were due. See OCGA §§ 9-11-33 (a) (2) and 9-11-34 (b) (2). Consciousness of their failure to respond is evidenced by their almost complete disregard of the numerous letters and phone calls from defense counsel concerning the discovery. Moreover, the Roberts failed to respond to the discovery even in light of the defendants' motions to dismiss the complaint. It is patently absurd to argue that they were not aware responses were past due when faced with such motions.

Although the Roberts argue in their appellate brief that their failure to respond was accidental, they fail to cite any portion of the record supporting this argument, and we will not cull the record on their behalf. Court of Appeals Rule 27 (c) (3) (i). Accordingly, we conclude that the trial court did not abuse its discretion in dismissing the Roberts' complaint. See *Oliff*, supra; *Bells Ferry Landing, Ltd.*, supra.

2. The record shows that the trial court considered and denied the Roberts' motion for reconsideration. Accordingly, the Roberts' second enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MARCH 4, 1997.

*Elizabeth Pelypenko*, for appellants.
*Hawkins & Parnell, Michael A. Mills, Thomas R. Mock, Jr., Fred-*

112

*erick A. Bading, Sharon W. Ware & Associates, Robin P. Lourie, M. Joanne Beauvoir Brown*, for appellees.