## A04A0533. CRANE v. DARNELL et al.
### (601 SE2d 726)

MILLER, Judge.

Acting pro se, Eugene Crane appeals from the trial court's dismissal of his complaint on the grounds that (1) it failed to state a claim on which relief could be granted and (2) Crane failed to respond to discovery. Since the trial court properly dismissed Crane's complaint on the ground that he failed to respond to the defendants' discovery requests, we affirm.

Crane filed a complaint against Richard Darnell, Jr., and Jeffrey Cox, setting forth claims of breach of contract, fraud, "unlawful interference with prospective economic advantage," and intentional infliction of emotional distress. Crane also sought punitive damages and litigation costs. Darnell and Cox answered and filed interrogatories and a request for production of documents. When Crane failed to respond to the interrogatories, the defendants filed a motion to compel. Without ruling on the motion, the trial court held a hearing at which all the parties testified. At the hearing, Crane explained that he had orally agreed to pay Darnell and Cox $750 to do a survey of his land, but that they failed to complete the work. Darnell and Cox countered that Crane paid them to only mark the property and "run a single line," which task they completed.

Following the hearing on the motion to compel, the trial court dismissed Crane's complaint for two reasons: (1) he failed to comply with discovery requests, and (2) the complaint failed to state a claim upon which relief could be granted. It is from this ruling that Crane appeals.[1]

1. A trial court has broad discretion to control discovery, including the imposition of sanctions, and this Court will not reverse the trial court's ruling on such matters absent the showing of a clear

---

[1] In his appellate brief, Crane enumerates as error the denial of his constitutional rights to trial by jury and to confrontation.

abuse of discretion. *Amaechi v. Somsino*, 259 Ga. App. 346, 347 (577 SE2d 48) (2003); *Rivers v. Almand*, 241 Ga. App. 565, 566 (1) (527 SE2d 572) (1999).

> Provided proper discovery procedures are followed, when a party fails to appear for a properly noticed deposition, or fails to answer or object to interrogatories properly submitted under OCGA § 9-11-33, or after appropriate service fails to respond to document requests, a trial court may take any action delineated under OCGA § 9-11-37 (b) (2) (A)-(C). [OCGA § 9-11-37 (d) (1)]; see *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 439 (2) (254 SE2d 825) (1979). Among several other options, subsection (b) (2) (C) authorizes a court to enter an order "dismissing the action or proceeding or any part thereof." OCGA § 9-11-37 (b) (2) (C). Moreover, an order compelling discovery is not a condition precedent for the imposition of sanctions under subsection (d). *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981). All that is required is a motion, notice, and a hearing. Id.

*Rivers*, supra, 241 Ga. App. at 566 (1).

The evidence showed that the defendants served Crane with interrogatories and a request for production of documents on February 17, 2003, asking him to respond within 30 days. After no response was received, the defendants sent Crane a letter on May 6, 2003, again requesting that Crane respond to the discovery requests. Crane presented no justification for his failure to respond and did not submit any response to the defendants' motion to compel and motion for sanctions. Based on this evidence we cannot say that the trial court abused its discretion in dismissing Crane's complaint on the ground that he failed to respond to the defendants' discovery request. See *Rivers*, supra, 241 Ga. App. at 567 (1).

2. In light of our holding in Division 1, we need not address the alternative ground on which the trial court dismissed Crane's complaint.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 15, 2004 —
RECONSIDERATION DENIED JULY 2, 2004 — ■

Eugene Crane, *pro se.*
*Rex J. McClinton*, for appellees.