## A05A0061. SMITH v. GLASS.
(615 SE2d 172)

MILLER, Judge.

David Smith appeals from the dismissal of his complaint to impress a lien on Diane Glass's property after he failed to respond to Glass's discovery requests. We find no error and affirm.

The record shows that Smith's second counsel took over the case on April 11, 2003, but moved to withdraw on May 20 on the grounds that he and Smith "cannot agree as to how to proceed." The motion to withdraw was granted on June 2. On May 21, 2003, Glass served Smith with a second set of interrogatories and a second request for production of documents, asking him to respond within 30 days. Approximately two weeks after the deadline for his response had passed, Smith called Glass's counsel to ask for an extension, which was granted until July 15. Smith still had not responded by that date, however, and so Glass filed a motion to compel, asking for sanctions including the dismissal of Smith's amended complaint.

On July 23, Smith filed a motion for a second extension of time to respond to the discovery. In it, he asserted that he was appearing pro se, that he was "unfamiliar with the rules and timelines relating to discovery," and that potential counsel — who eventually declined to take the case — had advised him to delay. The trial court responded with a rule nisi ordering Smith to appear on August 27 to show cause

---

why his action should not be dismissed for failure to respond to discovery. Smith failed to appear at the hearing. The trial court then dismissed the case with prejudice, finding that Smith "has willfully failed to respond to the propounded discovery."

In a single enumeration of error, Smith argues that the trial court erred when it dismissed his complaint with prejudice. We disagree.

> Provided proper discovery procedures are followed, when a party fails to appear for a properly noticed deposition, or fails to answer or object to interrogatories properly submitted under OCGA § 9-11-33, or after appropriate service fails to respond to document requests, a trial court may take any action delineated under OCGA § 9-11-37 (b) (2) (A)-(C). Among several other options, subsection (b) (2) (C) authorizes a court to enter an order dismissing the action or proceeding or any part thereof. Moreover, an order compelling discovery is not a condition precedent for the imposition of sanctions under subsection (d). All that is required is a motion, notice, and a hearing.

(Citations and punctuation omitted.) *Rivers v. Almand*, 241 Ga. App. 565, 566 (1) (527 SE2d 572) (1999). "A trial court has broad discretion to control discovery, including the imposition of sanctions, and this Court will not reverse the trial court's ruling on such matters absent the showing of a clear abuse of discretion." (Citations omitted.) *Crane v. Darnell*, 268 Ga. App. 311, 311-312 (1) (601 SE2d 726) (2004); *Rivers*, supra, 241 Ga. App. at 566 (1).

Here, Smith failed to appear at the rule nisi hearing, and offers neither excuse nor explanation for this failure in his brief to this Court. Thus we cannot say that the trial court abused its discretion when it dismissed Smith's amended complaint with prejudice on the ground that he had failed to respond to Glass's discovery requests. See *Crane*, supra, 268 Ga. App. at 312 (1); *Rivers*, supra, 241 Ga. App. at 567 (1).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 20, 2005.

*Jefferson L. Adams*, for appellant.
*Edwin M. Saginar*, for appellee.