A10A1774. EXUM v. NORFOLK SOUTHERN RAILWAY.

(701 SE2d 199)

BLACKBURN, Senior Appellate Judge.

In this action under the Federal Employers' Liability Act ("FELA"), Lois Exum sued her employer Norfolk Southern Railway, alleging that she suffered injuries as a result of Norfolk Southern's negligence. Following the dismissal of her complaint, as a sanction for wilful failure to respond to discovery, Exum appeals, arguing that the trial court's dismissal constituted an abuse of discretion. For the reasons set forth below, we affirm.

"A trial court has broad discretion to control discovery, including the imposition of sanctions, and this Court will not reverse the trial court's ruling on such matters absent the showing of a clear abuse of discretion." *Crane v. Darnell*.[1] In this matter, the record shows that Exum filed her FELA action against Norfolk Southern on September 17, 2008. Norfolk Southern filed its answer on October 16, 2008, and on November 5, 2008, it served Exum with interrogatories and requests for production of documents. Pursuant to OCGA §§ 9-11-33 and 9-11-34, Exum's responses to Norfolk Southern's discovery were due within 30 days of service, but Exum failed to respond within that time and did not request an extension of time in which to respond.

On December 17, 2008, Norfolk Southern's counsel sent a letter to Exum's counsel, requesting that Exum respond to the discovery. Receiving no response, on January 12, 2009, Norfolk Southern's counsel sent a second letter to Exum's counsel, again requesting responses to the discovery. This letter also elicited no response. Consequently, on March 17, 2009, Norfolk Southern's counsel sent a third letter to Exum's counsel, requesting responses to the discovery and advising that a motion to compel would be filed if Exum failed to

---

[1] *Crane v. Darnell*, 268 Ga. App. 311, 311-312 (1) (601 SE2d 726) (2004).

respond. However, Exum again ignored the request.

On April 1, 2009, Norfolk Southern filed a motion to dismiss Exum's complaint based on her complete failure to respond to its discovery requests. On May 22, 2009, shortly after the trial court scheduled a hearing on Norfolk Southern's motion to dismiss, Exum provided objections (which of course had been waived by her failure to timely respond, see *Tompkins v. McMickle*[2]) and responses to Norfolk Southern's interrogatories and requests for production of documents. A few weeks later, Exum filed a response to Norfolk Southern's motion to dismiss, in which she claimed that a lack of communication between her counsel and counsel's legal assistant may have partially caused the delay in responding to Norfolk Southern's discovery requests. After holding a hearing on the matter, the trial court, finding that Exum had wilfully ignored Norfolk Southern's discovery requests, dismissed Exum's complaint. This appeal followed.

1. Exum contends that the trial court abused its discretion in dismissing her complaint for her failure to respond to Norfolk Southern's discovery requests, arguing that such a sanction was too drastic given the fact that Norfolk Southern never filed a motion to compel. We disagree.

OCGA § 9-11-37 (d) (1) provides:

> If a party or an officer, director, or managing agent of a party . . . fails to serve answers or objections to interrogatories submitted under Code Section 9-11-33, after proper service of the interrogatories, or fails to serve a written response to a request for inspection submitted under Code Section 9-11-34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just; and, among others, it may take any action authorized under subparagraphs (b) (2) (A) through (b) (2) (C) of this Code section. . . .

Subparagraph (b) (2) (C) of the statute authorizes the sanction of "[a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Importantly, "[a]n order compelling discovery is not a condition precedent for the imposition of sanctions under this Code section." *Deep South Constr. v. Slack*.[3] See *Crane*, supra, 268 Ga.

---

[2] *Tompkins v. McMickle*, 172 Ga. App. 62, 63 (1) (321 SE2d 797) (1984).

[3] *Deep South Constr. v. Slack*, 248 Ga. App. 183, 186 (2) (546 SE2d 302) (2001).

App. at 312 (1); *Barrego v. OHM Remediation Svcs. Corp.*;[4] *Rivers v. Almand*.[5] In fact, interpreting this statute, our Supreme Court in *Mayer v. Interstate Fire Ins. Co.*,[6] held that a *"total* failure to serve answers or objections would constitute a failure to respond under [Federal Rule of Civil Procedure] 37 (d) and would subject a party to immediate sanctions." (Emphasis in original.) All that is required is a motion, notice, and a hearing to determine if the obstinate party's failure to respond was wilful. See *Tenet Healthcare Corp. v. Louisiana Forum Corp.*;[7] *Crane*, supra, 268 Ga. App. at 312 (1). Compare *McConnell v. Wright*[8] (trial court's failure to hold a hearing before dismissing plaintiffs' complaint as sanction for plaintiffs' failure to appear for deposition constituted an abuse of discretion).

In this matter, the evidence showed that Norfolk Southern served Exum with interrogatories and requests for production of documents in November 2008, and through its counsel's letters over the next five months, requested on three separate occasions that Exum provide responses to its discovery. After receiving no response whatsoever from Exum, Norfolk Southern moved to dismiss her complaint. Following a hearing on the issue, the trial court granted Norfolk Southern's motion, finding that Exum's "failure to comply with discovery obligations was the result of a conscious or intentional failure to act and was not an accidental or involuntary non-compliance." Although Exum provided discovery responses nearly two months after Norfolk Southern moved to have her complaint dismissed, "once a motion for sanctions for failure to make discovery has been filed, the opposing party may not preclude their imposition by making a belated response." *Greenbriar Homes v. Builders Ins.*[9] See *Fidelity Enterprises v. Heyman & Sizemore.*[10] Given these circumstances, we cannot say that the trial court abused its discretion in dismissing Exum's complaint on the ground that she completely and wilfully failed to respond to Norfolk Southern's discovery requests. See *Deep South Constr.*, supra, 248 Ga. App. at 187 (3); *Roberts v. Maren Engineering Corp.*[11]

2. Exum also contends that the trial court abused its discretion

[4] *Barrego v. OHM Remediation Svcs. Corp.*, 245 Ga. App. 389, 390 (2) (537 SE2d 774) (2000).

[5] *Rivers v. Almand*, 241 Ga. App. 565, 566 (1) (527 SE2d 572) (1999).

[6] *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 439 (2) (254 SE2d 825) (1979).

[7] *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 211 (3) (538 SE2d 441) (2000).

[8] *McConnell v. Wright*, 281 Ga. 868, 869-870 (644 SE2d 111) (2007).

[9] *Greenbriar Homes v. Builders Ins.*, 273 Ga. App. 344, 346 (2) (615 SE2d 191) (2005).

[10] *Fidelity Enterprises v. Heyman & Sizemore*, 206 Ga. App. 602, 603 (1) (426 SE2d 177) (1992).

[11] *Roberts v. Maren Engineering Corp.*, 225 Ga. App. 110, 111 (1) (483 SE2d 141) (1997).

in dismissing her complaint based on its finding that two of her belated discovery responses were demonstrably false. However, in light of our holding in Division 1, we need not address this enumeration of error.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

DECIDED AUGUST 31, 2010.

*Wettermark, Holland & Keith, James R. Holland II*, for appellant.

*Hall, Bloch, Garland & Meyer, F. Kennedy Hall*, for appellee.