**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 23, 2020**

# In the Court of Appeals of Georgia

A19A2153. HUNT et al. v. CALLAHAN.

McFadden, Chief Judge.

Chan Hunt, Kim Hale, and Amie Heisick Burrill ("the heirs") appeal a discovery sanction that dismissed their declaratory judgment action and awarded defendant Dorothy Hunt Callahan $3,000 in attorney fees. The heirs have not demonstrated that the trial court abused his discretion. So we affirm.

1. *Background*.

Hunt, Hale, and Burrill are heirs of Carolyn Clements. They filed this complaint in the Superior Court of Newton County against Callahan, the decedent's sister, asserting that the money in certain bank accounts in the joint names of Clements and Callahan belongs to the estate, not Callahan. Callahan answered the complaint and eventually filed a motion to compel discovery and for sanctions under

OCGA § 9-11-37. The trial court granted the motion, dismissing the heirs' complaint and reserving the issue of attorney fees.

The heirs appealed the trial court's order, but we dismissed their appeal because they had failed to pursue their appeal through the interlocutory appeal procedures.

After the remittitur was filed in the trial court, the court conducted a hearing on the issue of attorney fees and entered an order awarding Callahan $3,000. The heirs filed a notice of appeal from the order, resulting in the instant appeal.

2. *Jurisdiction*.

"Although not raised by either party, it is our duty to inquire into our jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction. We conclude that we have jurisdiction." *Brock v. Hardman*, 303 Ga. 729, 729 (1) (814 SE2d 736) (2018) (citation and punctuation omitted).

As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). However, appeals in "actions for damages in which the judgment is $10,000 or less" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (6), (b); *Jennings v. Moss*, 235 Ga. App. 357 (509 SE2d 655) (1998). We have "previously

concluded that an award of OCGA § 9-11-37 attorney fees as a discovery sanction is a 'judgment' for purposes of OCGA § 5-6-35 (a) (6)." *Pathfinder Payment Solutions v. Global Payments Direct*, 344 Ga. App. 490, 491 (810 SE2d 653) (2018). And the amount of the judgment entered in this case is $3,000, below the threshold for a direct appeal established by OCGA § 5-6-35 (a) (6).

But the heirs appeal not only the order awarding OCGA § 9-11-37 attorney fees but also the order dismissing their action. Although that order was interlocutory at the time it was entered, it became a final order upon the subsequent entry of the order granting attorney fees "because as of that point nothing remained pending in the court below[, and] the time for filing [a] notice of appeal [from that order] began to run on that date." *Caswell v. Caswell*, 157 Ga. App. 710 (278 SE2d 452) (1981) (punctuation omitted).

"[W]here an order would require a discretionary application to be appealed, such an application is unnecessary when the order is appealed with another order that may be appealed by a notice of appeal." *Grogan v. City of Dawsonville*, 305 Ga. 79, 84 (823 SE2d 763) (2019). Accordingly, the heirs were not required to apply for a discretionary appeal and we have jurisdiction over the direct appeal.

3. *Trial court's factual findings*.

3

Where, as here, the trial judge hears evidence and sits as the trier of facts,

his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. . . . [T]he trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous [and] the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. . . . . [T]his standard of review requires us to focus on the findings of fact made by the trial court in its order and the evidence supporting those findings, rather than other evidence gleaned from the record, construing it in favor of upholding the trial court's order.

*State v. Rosenbaum*, 305 Ga. 442, 449 (2) (826 SE2d 18) (2019) (citation and punctuation omitted).

In his order, the trial court found the following:

• The trial court scheduled a hearing on Callahan's motion to compel discovery and for sanctions for October 29, 2018. More than a week before the scheduled hearing, counsel for the heirs served a conflict letter stating that he had to appear for trial in the superior court of another circuit, so the hearing was reset to Monday, November 19, 2018.

• On November 16, 2018, the Friday before the rescheduled hearing, counsel for the heirs served another conflict letter, stating that he would

4

report for a superior court case in Forsyth County. The trial court contacted Chief Judge Jeffrey S. Bagley in Forsyth County by email and requested that Judge Bagley instruct counsel for the heirs that once Judge Bagley had released him, counsel should report to Newton County Superior Court for the hearing on the motion to compel and for sanctions.

• At 9:30 a.m. on November 19, 2018, the trial court called the hearing on Callahan's motion to compel and for sanctions. The trial court waited to proceed until counsel for the heirs had time to appear. The trial court contacted Judge Bagley some time later that day and learned that Judge Bagley had released counsel for the heirs by 11:00 a.m.

• So the trial court proceeded without them. He recalled the case for the hearing at 3:55 p.m. that day. Counsel for Callahan was present. Counsel for the heirs was not.

The trial court conducted the hearing and, based on the unrefuted allegations of Callahan's motion, the attachments to the motion, and the argument of counsel, made the following findings regarding discovery:

5

• On April 27, 2018, Callahan propounded requests for production of documents and interrogatories upon all three heirs. None responded to the requests for production of documents. Two responded to the interrogatories, and the transmittal memo accompanying the interrogatory responses, dated May 31, 2018, stated that "response to request for production to follow."

• Callahan's counsel wrote the heirs' counsel on June 5, 2018, stating that the heirs' counsel had not responded to the document requests and had not provided any responsive documents. The heirs' counsel did not respond to the letter, so Callahan's counsel telephoned the heirs' counsel. Ultimately, the attorneys spoke on July 3rd. Counsel for the heirs stated that after July 16th, he would be able to respond to the discovery requests.

• On August 2, 2018, having failed to receive any additional discovery responses, Callahan's counsel again wrote the heirs' counsel requesting responses. Again, the heirs' counsel did not respond.

• Callahan's counsel filed the motion to compel discovery and for sanctions on August 21, 2018. The heirs' counsel did not file a timely

response. Even after the motion was set for the first hearing on October 29, 2018, the heirs' counsel did not communicate with Callahan's counsel other than providing a conflict letter.

• On November 16, 2018, the Friday before the hearing, counsel for the heirs served a document styled as a response to Callahan's document request on behalf of two of the heirs. The response recited that the heirs had no documents except banking documents, which Callahan had provided, and a copy of a will of the decedent, which had been attached to the complaint. The heirs' counsel identified no other documents in the response.

In sum, the heirs' counsel failed to provide written responses to the request for production of documents within 33 days of the date of service; failed to respond to either good-faith discovery letter; and failed to comply with his May 31, 2018 oral assurance that he would respond to the discovery requests after July 16, 2018. Callahan waited until November 16, 2018, almost seven months after service of the discovery requests, to learn that the heirs possessed no documents relevant to the case, other than documents that Callahan herself had produced and documents that had been attached to the complaint.

3. *Dismissal of complaint.*

The heirs argue that the trial court could dismiss the complaint as a discovery sanction only if they had disobeyed a court order to compel their compliance with discovery requests. We disagree.

OCGA § 9-11-37 (d) (1) provides in part:

> If a party . . . fails to serve a written response to a request for inspection submitted under Code Section 9-11-34 [concerning requests for production of documents], after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just; and, among others, it may take any action authorized under subparagraphs (b) (2) (A) through (b) (2) (C) of this Code section. In lieu of any order, or in addition thereto, the court shall require the party failing to act or the attorney advising him, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

As long as the proper discovery procedures have been followed,

> when a party . . . after appropriate service fails to respond to document requests, a trial court may take any action delineated under OCGA § 9-11-37 (b) (2) (A)-(C). Among several other options, subsection (b) (2) (C) authorizes a court to enter an order dismissing the action or proceeding or any part thereof. Moreover, an order compelling discovery is not a condition precedent for the imposition of sanctions

under subsection (d). All that is required is a motion, notice, and a hearing.

*Smith v. Glass*, 273 Ga. App. 327, 328 (615 SE2d 172) (2005) (citation omitted). The trial court found that the heirs' counsel had ample notice of Callahan's motion and the hearing on the motion, and the heirs do not dispute this finding. Given that the heirs failed to appear at the hearing on the motion to compel discovery and for sanctions, "we cannot say that the trial court abused [his] discretion when it dismissed [the] complaint . . . on the ground that [they] had failed to respond to [Callahan's] discovery requests." Id.

4. *Attorney fees award*.

The heirs argue that the evidence does not support the amount of the attorney fees award. They have not shown trial court error.

The trial court conducted a hearing on attorney fees, reviewed the affidavit of Callahan's counsel, and heard argument from counsel for the heirs and Callahan. In the order awarding fees, the court found that counsel's hourly rate was reasonable and that spending ten hours of time to procure the discovery order was reasonable.

The heirs have not included in the appellate record a transcript of the hearing, so our review is limited:

9

In accordance with the presumption in favor of the regularity of court proceedings, we must assume that, in the absence of a transcript, the trial court's findings are supported by sufficient competent evidence. Where no transcript is included in the record on appeal we must assume that the evidence was sufficient to support the judgment. This is a court for the correction of errors and its decision must be made on the record and not upon the briefs of counsel. [The heirs have] failed to meet [their] burden of showing error by the record; therefore, we will not disturb the order of the trial court.

*Sprewell v. Thomas & Hutson, South Carolina, LLC*, 260 Ga. App. 312, 315 (3) (581 SE2d 322) (2003).

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.